## Stackhouse *v.* Stepanian, Appellant.

Argued October 6, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*William N. Nitzberg,* with him *William F. Starsinic,* for appellant.

*Henry R. Reath,* with him *G. Clinton Fogwell, Jr.* and *Duane, Morris & Hecksher,* for appellees.

OPINION BY GUNTHER, J., December 29, 1953:

The accident from which this case arose occurred in April, 1951, in Philadelphia, when the defendant, Immanuel Stepanian, Jr., struck the minor plaintiff while driving an automobile. The jury returned verdicts for the plaintiffs and defendant's motions for a new trial and judgment n.o.v. were dismissed by the court below.

Viewing the evidence in the light most favorable to the plaintiffs, as we must, the record establishes the following facts. On April 7, 1951, a clear bright day,

defendant drove his car westwardly on Vista Street at about 25-30 miles per hour. Vista Street is residential and has two way traffic. Other cars were parked intermittently on both sides of the street. The minor plaintiff, age six at the time, was playing with other children on the lawns and sidewalks on both sides of the street. When about the middle of the block, defendant saw the minor plaintiff come into the street, but was unable to stop in time and struck her with his left front fender.

On an appeal from the refusal to enter judgment n.o.v. our sole duty is to decide whether there was sufficient competent evidence to sustain the verdict, granting plaintiffs the benefit of every favorable inference reasonably to be drawn. *Scalet v. Bell Telephone Co. of Penna.*, 291 Pa. 451, 140 A. 141. Since the minor plaintiff was incapable of contributory negligence as a matter of law, the sole inquiry, then, is to ascertain whether the evidence warranted the jury in finding the defendant negligent. None of the plaintiff's witnesses actually saw the accident. One of them, however, testified that he heard brakes screeching and went to his window and saw the defendant standing in front of his car holding the minor plaintiff; that he was told by defendant later that defendant was traveling at 25-30 miles per hour and did not see the plaintiff until the car struck her. The defendant testified that he struck her on his left front fender immediately to the rear of the bumper. There was also considerable testimony as to the large group of children playing on both sides of the street.

Defendant contends that the testimony allowed the jury to do no more than guess as to negligence. We cannot agree with this contention. The operator of a motor vehicle must exercise reasonable care to avoid an accident when approaching an area when there is

reason to apprehend that children may come into danger. *Ondrusek v. Zahn,* 356 Pa. 537, 52 A. 2d 461; *Fedorovich v. Glenn,* 337 Pa. 60, 9 A. 2d 358. The reasonableness of defendant's speed therefore becomes relevant and was clearly a jury question in the circumstances in this case. The factor of speed is particularly material where the child was struck by the front of the car, as occurred here, since the question is raised as to when the driver saw the child, or should have seen her, and whether his speed was such that he could have avoided the accident. If a child is in the highway such a length of time that the defendant in the exercise of due care should have seen her and avoided the accident, the rule that drivers are not required to anticipate a darting-out is inapplicable. *Derr v. Rich,* 331 Pa. 502, 200 A. 599. The defendant testified that he first saw the plaintiff when he was opposite 3320 Vista Street. Yet plaintiffs' witnesses testified that after the accident, defendant's car was halted opposite 3312 Vista Street, a distance of about 50-60 feet from the 3320 address. Such facts certainly permit the inference that defendant was traveling faster than the 15 to 20 miles an hour he claimed, and that he either saw the plaintiff in time to avoid an accident or was traveling at a speed such that the danger he should have anticipated was unavoidable. In either event, the inference would be that defendant was negligent.

The question of negligence was properly for the jury in this case. Should the defendant have seen or did he see the children playing on both sides of the street? Did he take the proper precautions to keep his car under control, considering the potential danger? What was his speed, and was it reasonable? When did he first see the plaintiff and how far did he travel thereafter? These questions are eminently for the triers of facts. The evidence does not lead to the inevitable

618

conclusion that defendant was not negligent as a matter of law and therefore judgment n.o.v. was properly refused.

The defendant also asks a new trial because of alleged errors in the charge of the trial judge. The court refused to charge that defendant's speed had no causal relation to the accident because the child never came in front of the vehicle. Such refusal was correct, because there was sufficient evidence to indicate that the plaintiff was struck by the front part of the car. The other alleged error relates to the charge as given. Examination of the charge reveals a fair, adequate, and correct statement of the law as applied to this case.

Judgments affirmed.