Geiger *v.* Schneyer, Appellant.

Argued November 11, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

reargument refused January 25, 1960.

*Ralph S. Croskey,* for appellant.

*Morris Passon,* for appellee.

OPINION BY MR. JUSTICE MCBRIDE, December 30, 1959:

In this case a minor six years of age was killed by an automobile driven by appellant who urges us to say that there was no evidence of her negligence. The jury found against her and the court below entered judgment on the verdict.

. It may be that if we were free to draw our own independent conclusions a majority of this Court would say that a finding for defendant would be more reasonable. On this motion for judgment non obstante veredicto, however, such a question does not arise. We must accept the whole body of evidence in the strongest way it reasonably can be interpreted in support of the verdict and reject any evidence to the contrary. Also,

we must remember that the minor decedent was conclusively presumed to be incapable of being contributorily negligent. *Kuhns v. Brugger,* 390 Pa. 331, 135 A. 2d 395; *Van Buren v. Eberhard,* 377 Pa. 22, 104 A. 2d 98. Thus viewed, the jury reasonably could have found the following facts:

The defendant, Madeline Schneyer, was operating her automobile northwardly at a speed of 20 or 25 miles an hour on Easton Road, Glenside, at 3:30 p.m. on September 29, 1956. Easton Road is 40 feet 9 inches wide and is bisected by a white line. Her husband was a passenger in the car and there was no traffic immediately in front of her nor were there any vehicles parked along the road to obscure her view. There were two lanes on each side of the road and she was driving on the inside lane. As defendant arrived at a point at least two car lengths south of a driveway leading into some houses on her right side of the road, she saw plaintiff run from the driveway into the street. The child reached all the way across the northbound lane and was at least as far as the center line of the road when the defendant (who had turned her car in the same direction he was running) struck him with the left front of her car. When her car came to rest the right front and left rear of her automobile were on the white line which bisects the road and the left front of her car was about 3 feet over the center line. After she stopped the child was to the left and front of her car. It is conceded that the child died as the result of this accident. The whole matter was submitted to the jury in a fair charge to which no exception has been taken in this Court.

This is not a case where a person steps off a curb and is immediately struck. The physical facts on this state of the record demonstrated that this six year old child was in the unobscured view of the defendant for a period long enough to permit that child to run at

least 20 feet. The jury therefore could have inferred, since there were no skid marks at the scene of the accident, that the defendant's automobile was travelling only 20 miles an hour; that the defendant did not immediately apply her brakes or they were defective or that in any event there was ample opportunity for her to stop her car in time to avoid striking the child.

The evidence from which we have stated the inferences permissibly drawn by the jury arose partly out of a statement given by defendant to the police shortly after the occurrence. The law applicable to such evidence is stated clearly in *Gougher v. Hansler*, 388 Pa. 160, 130 A. 2d 150; *Braceland v. Hughes*, 184 Pa. Superior Ct. 4, 133 A. 2d 286; and *Leftwrich v. Colonial Aluminum Smelting Corporation*, 184 Pa. Superior Ct. 622, 136 A. 2d 182, to wit: The evidentiary function of a prior inconsistent statement by a *witness* who is not a party is limited to impeaching the testimony given by the witness at trial and has no substantive value. Evidence of a prior inconsistent statement by a *party*, however, may be used not only to impeach his testimony at the trial but also is substantive proof of the matter contained therein.

In that statement it is true that defendant said "This driveway, I believe was, partially obscured by a car that was parked a car length south of the driveway." She also stated "I immediately jammed on my brakes and swerved the car to the left, the car stopped about opposite the driveway, and the front of the car was about 3 foot over the white line." At the trial she admitted that her statement was intended to correctly portray what had happened and that the child darted out from in front of a parked car directly to her right giving her insufficient time to stop and presenting a sudden emergency in which she was bound only to use her best judgment under the circumstances. Her position was clearly stated by the court to the jury which

was not bound to accept the whole of her statement to the police or her evidence at the trial even though she was called as on cross-examination by the plaintiff. It is true, of course, that such evidence as she gave at the trial which was uncontradicted by any other evidence by the plaintiff is binding upon him. And if she were confronted by a sudden emergency not of her own creation because a parked car obscured her vision her position would be well taken. *Liuzzo v. McKay et al.*, 396 Pa. 183, 152 A. 2d 265. But in this case the presence of any such vehicle parked at or near the scene of the accident was specifically negatived by the testimony of Edward V. Ryan,[1] who was among a group of children who had been playing with the deceased plaintiff, who was in position to see and testified that he did not see any parked cars at all. Besides, the husband who was available was not called. Since no explanation for this failure was given, the jury could infer that had he been called his evidence would not have helped his wife. *Haas v. Kasnot,* 371 Pa. 580, 92 A. 2d 171; *Wills v. Hardcastle,* 19 Pa. Superior Ct. 525. This is true even in cases where a party does not call any witnesses. *Dommes v. Zuroski,* 350 Pa. 206, 38 A. 2d 73; *Haverstick v. Penna. R. R. Co.,* 171 Pa. 101, 32 Atl. 1128. Therefore, the case under review presents a situation where, although the accident occurred not at a crosswalk but in the middle of the block, children on both sides of Easton Road could have been observed by an attentive driver. Such a situation called upon the driver to exercise a high degree of care to avoid striking any of these children who, as this child did, might dart into the street, in view of the well known proclivity of children to so act.

---

[1] Edward was 12 years old at the time of trial and was 10 years old at the time of the accident.

In *Auel v. White,* 389 Pa. 208, 213, 132 A. 2d 350, the Court said: "But in any event since all doubts must be resolved in plaintiff's favor, we think it was the jury's function to determine whether the plaintiff was observable a sufficient length of time for the defendant to have avoided hitting him had he been duly attentive: Kindt v. Reading Company, 352 Pa. 419, 426, 427, 43 A. 2d 145; Yourkonis v. Dougherty, 382 Pa. 387, 391, 392, 115 A. 2d 193."

In *Cason v. Smith,* 188 Pa. Superior Ct. 376, 380, 146 A. 2d 634, the Superior Court said: "Where, as here, a collision between a vehicle and a pedestrian occurs between crossings, the driver of the vehicle is liable if it appears that the pedestrian was 'on the cartway a sufficient length of time to be seen, the driver of the car being far enough away to bring his machine under control.' "

Where there is a reasonable apprehension that a child might run into a place of danger of injury by an automobile, there is a duty imposed on the operator thereof to exercise a higher degree of care than under ordinary circumstances: *Fries v. Ritter,* 381 Pa. 470, 112 A. 2d 189; and to have the car under such control that it can be stopped on the shortest possible notice that harm may be inflicted. *Van Buren v. Eberhard,* 377 Pa. 22, 104 A. 2d 98; *Alleva v. Porter,* 184 Pa. Superior Ct. 335, 134 A. 2d 501; *Stackhouse v. Stepanian,* 174 Pa. Superior Ct. 614, 101 A. 2d 151.

Under the conditions described, it was entirely reasonable for the jury to find that the accident resulted from the negligence of the defendant. Of course, if the jury were not convinced of that fact by the preponderance of the evidence, they could not conclude that negligence was the cause. But that decision was for the jury, and neither the trial judge nor this Court may assume it. *Smith v. Bell Telephone Co. of Penna.,* 397 Pa. 134, 141, 153 A. 2d 477.

Only last month the Supreme Court of the United States took the same position as we did in *Smith v. Bell Telephone*, supra, in *Sentilles v. Inter-Caribbean Shipping Corp.*, 361 U. S. 107, 110, opinion dated November 23, 1959. That Court said: " 'It is not the function of a court to search the record for conflicting circumstantial evidence in order to take the case away from the jury on a theory that the proof gives equal support to inconsistent and uncertain inferences. The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury. . . . The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. . . . Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.' Tennant v. Peoria & Pekin Union R. Co., 321 U. S. 29, 35." This rule is certainly no less applicable where, as here, the evidence is direct even though the inferences are drawn from all the surrounding circumstances.

Under the circumstances we cannot say, as a matter of law, that the jury could not reasonably find that the defendant was negligent and that her negligence was the proximate cause of the accident.

Since this is the only question raised on this appeal the judgments will be affirmed.

Mr. Justice BELL dissents.

---

CONCURRING OPINION BY MR. JUSTICE MUSMANNO:

The Majority Opinion makes the following statement: "It may be that if we were free to draw our own independent conclusions a majority of this Court would say that a finding for defendant would be more reasonable." Since there is no enumeration of the Justices who formed the Majority, assuming that there was a

Majority and a Minority, I wish to state that in my examination of the record I came to the conclusion that the verdict of the jury was based on solid and substantial evidence and that, therefore, because of that evidence, a verdict for the defendant in this case, under that state of affairs, would not, as the Majority Opinion states "be more reasonable."