Actman, Appellant, *v*. Zubrow.

Argued December 18, 1959.   Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*William A. Goichman,* with him *Krimsky & Goichman,* for appellant.

*Bernard J. Smolens,* with him *John J. McDevitt, 3rd,* for appellees.

*William T. Adis,* with him *David F. Kaliner,* for appellee.

OPINION BY GUNTHER, J., March 24, 1960:

On October 14, 1958, Nathan W. Actman, plaintiff, brought two actions in trespass, one against Sophie Zubrow and Anna Miller as landlords, and the other against Simons Elevator and Electric Company for personal injuries sustained as a result of falling on slicks of grease and oil in the basement of the landlord's building in which the elevators were being renovated.  The first action was brought on the theory that the landlords were charged with constructive notice of the dangerous condition, and the second was brought on the ground that the elevator company's agents or servants negligently deposited the slippery substances on the basement floor.  Upon the conclusion of plaintiff's case, the court below entered a compulsory nonsuit and, upon refusal of plaintiff's motion to take off the nonsuit, these appeals followed.

Plaintiff testified that he slipped on a grease spot irregular in size and about twenty inches in diameter. He stated that immediately before the accident, as a tenant in the building, he descended a stairway from the first floor to the basement; that there was a stone wall at the bottom of the steps on his right; that there was an archway about four feet from the steps which led into the boiler room; and that after turning to the right and passing through the archway, he slipped on a "slick" of grease which lay directly under the archway.

William C. Rosenbaum, an employe of Simons Elevator and Electric Company, testified that as of June 1, 1958, he had observed a spot of water on the basement floor and that that condition existed off and on thereafter.

There was no evidence as to when the alleged grease slick appeared on the basement floor nor that the owners of the building had any actual or constructive notice of its existence.

The first question for us to determine is whether the evidence was sufficient to make out a prima facie case of negligence against the defendant landlords. To hold them negligent, the burden was upon the plaintiff to offer proof as to how long the slicks were present or that the landlord defendants were responsible for their presence. Loeb v. Allegheny County, 394 Pa. 433, 147 A. 2d 336; Rogers v. Horn & Hardart Baking Company, 183 Pa. Superior Ct. 83, 127 A. 2d 762. According to the allegation in the complaint and the evidence produced at the trial, plaintiff's fall was caused by slicks of oil or grease. The presence of water was established but the water itself was not shown as the condition which caused the fall. There was no testimony as to who dropped the grease nor as to the length of time it remained there. Plaintiff offered no proof whatsoever of having charged the owner of the building with notice of oil or grease.

Plaintiff testified that the area of the accident was dimly lighted by a 25 watt bulb. In considering the "dim light" phase of this case, referred to in the record, it is well to note that the cause of the mishap was not the defective lighting, but rather the oil or grease. In DeClerico v. Gimble Brothers, Inc., 160 Pa. Superior Ct. 197, 50 A. 2d 716, this Court said: "In what may be termed the obscuration cases, i. e., where the dangerous condition is hidden by some substance such as water, snow, paper or confusing lights, the obscura-

tion is never the legal cause of the harm, but operates in certain cases to relieve the injured party from contributory negligence of failing to observe the danger ... Since the legal cause of the plaintiff's harm was the soft substance on the tread of the step, there can be a recovery only upon showing that the defendant had actual or constructive notice of its presence. Of this there was no evidence." (Emphasis added).

Under the evidence there is no basis for disagreement with the order of the lower court granting the nonsuit as to the owners of the building.

Considering the case against the elevator company, plaintiff contends that the agents of the elevator company were responsible for the slick, grease or oil deposited on the place where he fell for the reason that defendant's employes worked only twenty feet from and walked over the spot where the plaintiff fell; that these employes brought grease into the building and used it carelessly. Plaintiff testified that there was some oil or grease on the first floor, but said that he did not know who put it there. No evidence, however, was introduced that employes of the defendant elevator company carried grease when they walked over the area. The premises, on which the accident occurred, were leased to seven other tenants and the area where plaintiff fell was one over which many individuals walked during the course of a day.

The law provides a remedy against those who are negligent but here there is no evidence that the grease was placed by defendant company's employes. There is testimony that plaintiff saw no one else handle grease except defendant's employes and that he saw grease on the first floor, where defendant's machinery was operated. With this assumption in mind, the plaintiff attempts to charge the employes with carelessly placing the grease on the basement floor.

The fact of negligence may not be inferred without proof. In *Smith v. Bell Telephone Co. of Pa.*, 397 Pa. 134, 153 A. 2d 477, the Supreme Court stated that "when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith."

The case of *Mack v. Pittsburgh Railway Co.*, 247 Pa. 598, 93 A. 618, cited by plaintiff as authority for the motion to take off the nonsuit, is distinguishable. The *Mack* case did not involve the question of proof as to whether defendant created a particular condition, but only whether a jury could infer that the condition had existed for a sufficiently long period of time to give the defendant constructive notice of its presence. The case, *Gaul v. General Utilities Corp.*, 133 Pa. Superior Ct. 282, 2 A. 2d 533, deals with the doctrine of exclusive control which is not involved in the instant case.

In the case before us, the record does not show how the substance got on the floor, nor how long it had been there before plaintiff stepped on it. There is no evidence that defendant's negligence caused the grease to be at the place of fall, nor that the owners of the building allowed the condition to exist for any unreasonable period of time. The burden was on the plaintiff to prove that a hazardous condition caused him to fall and that the defendant knew, or by the exercise of reasonable care should have known, of the existence of this condition. Failing to prove actual notice plaintiff must prove constructive notice.

A review of the testimony discloses that the plaintiff has failed to meet the burden of proving negligence on the part of defendants.

In *Rogers v. Horn & Hardart Baking Co.*, supra, the length of time the slippery substance had been on the floor, and by what means it had been placed there, were not shown and this Court reversed and entered judgment n.o.v.

In view of the fact that the record does not disclose any evidence which could have been presented to the jury on the issue of defendants' negligence, we agree with the order of the court below refusing to take off nonsuit.

Order of the court is affirmed.