## Sechrist, Appellant, *v.* Consolidated Market House of Lebanon.

Argued March 18, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*L. Ehrman Meyer,* with him *Meyer, Brubaker & Whitman,* for appellant.

*H. Rank Bickel, Jr.,* with him *Clarke M. Seltzer,* for appellee.

OPINION BY MONTGOMERY, J., April 14, 1964:

This is an appeal from the refusal of the Court of Common Pleas of Lebanon County to take off a compulsory nonsuit in a trespass action for personal injuries.

Plaintiff-appellant, Clinton R. Sechrist, a man of 77 years at the time of the accident on June 2, 1962, was in the business of selling plants at retail in the public market house of the Consolidated Market House of Lebanon, Pa., defendant-appellee. He rented the stall in which the accident occurred from appellee on a monthly basis. Appellant used the stall once or twice a week and had used it on the last market day prior to the date of the accident. It was customary for the appellee to clean the market place, including the floor in and around appellant's stall, at the end of each mar-

ket day. On the morning of the accident appellant arrived at his stall at 3:45 A.M., at which time he observed, inter alia, that about a dozen other vendors had arrived at the market previous to his arrival; that his stall had been changed from a double to a single stall;[1] that the new stall was closed in front below the counter so that the walkway within the stall between the front of the stall and the back shelves was obscured and was inadequately lighted; that a board, newly painted white and unworn, had been placed (by a person or persons unknown) in the walkway; and that an old board, which appellant had been using for 25 years in the walkway to keep his feet dry, was missing. The appellee admitted that it changed the stalls but denied any knowledge of the change of boards. Sometime after 4:00 A.M. appellant, while carrying an armful of plants weighing between 30 and 35 pounds, tripped over a nail protruding one and one quarter inches above the surface of and near the end of the new board in the walkway. He received personal injuries from the resulting fall. The lower court granted the nonsuit for the reasons that (1) there was no evidence upon which the jury could base an inference of negligence attributable to the appellee, and, alternatively, (2) assuming that appellant was a business invitee of the appellee, there was no evidence either of actual or constructive notice of the dangerous condition upon the part of the appellee. On this appeal the issues are confined to the above two questions because the parties raise no question of contributory negligence; and they do not dispute the facts that a dangerous condition existed in the stall and that the unknown person or persons who put the new board with the protruding nail in the walkway was negligent.

---

[1] Appellant had rented a single stall but since the adjoining one was not rented he had for some time enjoyed both as a double stall, with permission of appellee and without additional rental.

In 1959 our Supreme Court enunciated a reinterpretation of the law of torts applicable to this case. In *Smith v. Bell Telephone Company of Pennsylvania,* 397 Pa. 134, 137, 153 A. 2d 477, 479 (1959), Mr. Justice McBRIDE, speaking for the majority of the Court, stated, "The formula that 'the circumstances must be so strong as to preclude the possibility of injury in any other way and provide as the only reasonable inference the conclusion plaintiff advances' is not a correct statement of the rule to be applied by the judge on deciding a motion for either a nonsuit or binding instructions. If that were the rule what would be the province of the jury? In no case where there was more than one reasonable inference would the jury be permitted to decide. Insofar as this rule is stated in our cases it is disapproved." In *Lear v. Shirk's Motor Express Corporation,* 397 Pa. 144, 152, 152 A. 2d 883, 887 (1959), Mr. Justice McBRIDE further stated, "A plaintiff is entitled to have his case considered by the jury even though he does not show that the only reasonable inference is that defendant's negligence was the proximate cause of the accident. It is enough that he produces evidence which may properly be found by the jury to justify an inference that the defendant's negligence was the proximate cause of the accident because such evidence outweighs even though it does not *exclude* an inference that the defendant was not negligent or that his negligence was not the proximate cause of the accident." Finally, in 1962, in a case with facts closely similar to the facts in our case, Mr. Justice MUSMANNO, in applying this reinterpretation of the law, stated, "Direct evidence would mean that the eventual victim would have to anticipate his hard luck and have persons spying at the place of his preordained culminating misfortune, making notes of all acts of heedlessness on the part of his future tortfeasor and his agents. Of course, if he could anticipate all this there

naturally would be no accident because obviously he would stay away from the preannounced catastrophe." *Finney v. G. C. Murphy Company,* 406 Pa. 555, 559, 178 A. 2d 719, 721 (1962). In the *Finney* case the plaintiff, a business invitee, slipped and fell on a quantity of oil beneath her feet. There was no direct evidence of who placed the oil on the floor or when, although there was some evidence that the defendant approximately a week prior to the accident had applied a floor compound made up of approximately 90% of oil near the place of the accident; however, the Supreme Court allowed a new trial.

Under the circumstances in this case, in view of the facts that the defendant was in the custom of cleaning the market place after each marketing day, that no cne except the appellee properly had access to the stall between marketing days, that appellant arrived at the market on the day of the accident promptly after it opened, and that the appellee admitted to changing appellant's stall, we think that it would be a reasonable inference, if not the only inference, that the appellee was responsible for the hazardous condition in the walkway which caused the accident. We conclude that, under the law as now established by our Supreme Court, the case must be submitted to a jury.

Since the case may be submitted to the jury on the question of the actual negligence of the defendant alone, at this time we find it unnecessary to decide in what relationship the parties stood, whether appellant was a tenant or a business invitee of the appellee, and, consequently, whether there was sufficient evidence of constructive notice on the part of the appellee.

Judgment reversed and a new trial ordered.

ERVIN and WRIGHT, JJ., would affirm on the opinion of the lower court.