## Gaynor *v.* Nagob, Appellant.

260

Argued June 9, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Walter Stein,* for appellant.

*Martin Heller,* with him *Maximillian J. Klinger,* for appellees.

OPINION BY FLOOD, J., September 17, 1964:

On December 2, 1956, the plaintiff fell down a flight of stairs in a house owned by the defendant. She had gone there to bring home her son after being informed that he was intoxicated "at Miss Rowbottom's house". She testified that the Rowbottoms lived on the second floor, she went to the house and up the stairs and found her son sitting in a room there. As they left, he preceded her down the stairs and, being unsteady, started to fall. In so doing, he grabbed the bannister for support, causing it to sway. The plaintiff, descending behind him and holding the bannister, lost her footing because of the motion of the railing and fell to the bottom of the stairs, sustaining the injuries for which she brought this suit. There was evidence that the bannister was shaky and had been tied with a rope to a clamp at the top of the stairs.

Following a jury verdict for the plaintiff, the court below refused to enter judgment n.o.v. The defendant now contends that (1) he was not negligent or, if he was, his negligence was not a proximate cause of the accident and (2) the plaintiff was contributorily negligent. The court below properly held these to be questions for the jury.

"It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. . . . The facts are for the jury in any case whether based upon direct or circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant." *Smith v. Bell Telephone Co. of Pa.,* 397 Pa. 134, 138, 153 A. 2d 477, 480 (1959). Nor should contributory negligence be declared to exist as a matter of law unless it is so clearly revealed that reasonable individuals cannot disagree as to its existence. *Greco v. 7-Up Bottling Co. of Pittsburgh,* 401 Pa. 434, 165 A. 2d 5 (1960).

Under the evidence, whether or not the defendant's failure to repair the stairway constituted negligence and, if so, whether that negligence was the proximate cause of the plaintiff's injury were questions for the jury. Her son's action in grabbing the bannister, even if it could be characterized as negligence, in no way insulates or supersedes the concurrent negligence of the defendant which the jury was justified in finding a proximate cause of injury. See *Christman v. Segal,* 143 Pa. Superior Ct. 87, 17 A. 2d 676 (1941) and Restatement, Torts, §439.

Similarly, whether or not the plaintiff was contributorily negligent in not waiting until her son reached the bottom of the stairs before she started down or in using this stairway rather than an alterna-

tive route, if indeed one was available, were issues for the jury to resolve.

The only question which seems to us to require discussion is whether the defendant had a duty to keep the stairway in proper condition.

The appellee contends that (1) only the second floor had been rented to the tenants and the landlord retained control of the stairway with the consequent obligation to keep it in safe condition and (2) even if he had rented the whole house to the tenants, the provisions of §7-205(1)(d) of the Philadelphia Housing Code required him to keep the stairway in proper condition. We need not, however, decide what responsibility the defendant may have had under this ordinance, since there was evidence from which it could be concluded that he retained control of the stairway and therefore had the common law duty of exercising due care to keep it in reasonably safe condition. *Lopez v. Gukenback*, 391 Pa. 359, 137 A. 2d 771 (1958), *Lewin v. Pauli*, 19 Pa. Superior Ct. 447 (1902) and Restatement, Torts, §360. See also Annotation, 25 A.L.R. 2d 364 (1952).

The only evidence offered by the plaintiff on the issue of control are general statements that the tenants lived on the second floor and the defendant let "the premises" to them. Although the plaintiff offered no direct evidence as to what constituted "the premises", the defendant put the lease in evidence. Since control of the stairway turns on a construction of this lease, the determination of this issue is for the court, not the jury. See *Bogutz v. Margolin*, 392 Pa. 151, 139 A. 2d 649 (1958), *Hampers v. Darling*, 194 Pa. Superior Ct. 59, 166 A. 2d 308 (1960) and *Williams v. Wolf*, 169 Pa. Superior Ct. 628, 84 A. 2d 215 (1951).

While the lease does not expressly indicate just what was leased, it is nevertheless an "apartment lease agreement". Although it requires the lessee to keep

the demised premises in as good order and repair as these were at the beginning of the lease, reasonable wear and tear excepted, it also makes certain rules and regulations printed in Schedule A to the lease a part thereof. These provide, inter alia: "The public halls and stairways shall not be obstructed or used for any other purpose than for ingress to and egress from the apartments. No lessee shall make or permit any disturbing noises to be made in the building by himself, members of his family, guests, his agents, servants or licensees; nor do or permit anything to be done that will interfere with the rights, comforts or convenience of other tenants. No lessee shall play or suffer to be played any musical instrument in the demised premises between the hours of ten-thirty o'clock P.M. and the following eight-thirty o'clock A.M., if the same shall disturb or annoy other occupants of the building. All cooking equipment must be used in such a way as to prevent noxious odors from permeating the building. . . . Children shall not play in the public halls, entrances, stairways or elevators. Each tenant shall use the laundry and drying apparatus, if any, only on such days and hours as the lessor shall designate. No animal shall be carried on the elevators or kept in or about the premises, except on written consent of the lessor."

When there is a multiple tenancy, the landlord retains responsibility to maintain common passageways and stairways in proper condition. *Lopez v. Gukenback,* supra. In the absence of a specific description of what was leased to these tenants, we are of the opinion that the above quoted language making reference to and providing regulations for more than one tenant, coupled with the fact that this is an "Apartment Lease Agreement", supports the conclusion that the building housed, or was intended to house, multiple tenants. Even if there were any doubt that this was a multiple tenancy, under the above quoted pro-

visions of the lease the lessor expressly retained control of the stairway and, therefore, has the responsibility to maintain it in reasonably safe condition. *Williams v. Wolf*, supra.

The landlord's common law duty to repair is, of course, conditioned upon sufficient notice of the defect. This issue was for the jury. The trial judge properly charged that adequate notice was a condition of the defendant's liability and refused the plaintiff's request to eliminate it from the charge. Since the plaintiff's daughter testified that she had seen the defective condition of the bannister during the year prior to the accident, the jury could properly find that the defendant had constructive notice of the defect. His failure to repair it convicts him of negligence.

In his charge, the trial judge stressed the ordinance in defining the defendant's duty. The provision referred to by the court requires that "every inside and outside stair . . . and any appurtenance thereto . . . be safe to use and capable of supporting the load that normal use may cause to be placed thereon, and . . . kept in sound condition and good repair." This does no more, and the charge did no more, than state the common law duty of a landlord who retains possession of the stairway, provided the requirement of notice is added, as was done here. Any error merely as to the source of the defendant's duty of care was not prejudicial to the appellant since his duty as landlord was correctly delineated for the jury.

Since there was evidence of the existence of all the facts upon which the defendant's duty depended, the jury's finding for the plaintiff must stand. The court below was correct in refusing judgment n.o.v.

Judgment affirmed.

WRIGHT, J., would enter judgment n.o.v. in favor of the appellant.

MONTGOMERY, J., would grant a new trial.