Tennent, Appellant, *v.* Gulf Oil Company.

Argued November 10, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Thomas L. Cooper,* with him *McArdle, Harrington, Feeney & McLaughlin,* for appellant.

*Giles J. Gaca,* with him *Pringle, Bredin, Thomson, Rhodes & Grigsby,* for appellees.

OPINION BY ERVIN, J., December 16, 1964:

This is an appeal from the refusal of the court below to grant plaintiff's motion to remove a compulsory nonsuit in a trespass case.

The facts are well stated in the opinion of the court below and are as follows: "On the morning of Novem-

ber 28, 1958, plaintiff reported to his place of employment in Wilkinsburg, Pennsylvania, at 8:00 A.M. He was directed to load his Dodge truck with necessary supplies and equipment and to proceed to the job site at Terminal Way in the South Side of Pittsburgh, Pennsylvania. He followed these instructions.

"East Carson Street runs in an east-west direction. Plaintiff drove in a westerly direction on this street to Terminal Way where he arrived at about 10:00 A.M. He turned north into this thoroughfare and backed out, again turning west on East Carson Street, but now proceeding backwards. He then parked on East Carson a few feet from Terminal Way. Thus he was parked on the wrong side of the street. There were four 'picks', or vertical ladders constituting platforms for painters, on the top of the truck. These were sixteen to eighteen feet long and extended five to six feet over the rear end of the truck. One Elliott Beck, a fellow employe of plaintiff, assisted him in removing these from the vehicle. They removed three without incident. While working on the fourth, plaintiff was standing in the rear of the truck. He reached up and pulled the pick down to shoulder level. He was then suddenly struck by the pick, thrown onto the trunk of another car on East Carson and then to the ground. He testified that as he began to pull down on the last pick he saw defendant's truck strike his truck and the pick. On cross-examination, however, he stated that he did not actually see the impact between the vehicles. His testimony is as follows: 'Q. Now, I understood you to say that you saw another vehicle strike your vehicle? A. I heard the other vehicle strike my vehicle, and I saw our vehicle move, and then I felt the impact and I was injured. Q. Now, you correct me if I'm wrong, Mr. Tennent but, when Mr. Cooper was asking you questions, I understood you to say you saw your truck get hit by another vehicle. A. Well, a figure

of speech. I heard it, and I saw my truck move. Q. Well, let's iron out this one thing first of all. Did you see your truck get hit by another vehicle? A. I heard my truck, and I saw my truck move. Q. Did you see your truck get hit by another vehicle? A. No. Q. You did not see it get hit by another vehicle? A. I did not see the actual impact. I saw my truck move.' "

In addition to the plaintiff's testimony, Mr. Beck, foreman on the job, testified that he was standing in the rear of the truck and that he heard a "slamming" noise and that the truck rocked and knocked him down and that the plaintiff was also down on the sidewalk.

The father of the plaintiff testified that he saw black marks on the right front fender of the Dodge truck after the accident occurred and that these marks were not present on the morning prior to the accident. The driver of the defendant's truck was called for cross-examination and he testified that he was operating his truck in a westwardly direction on East Carson Street. Just after he passed Terminal Way he heard two thumps which he assumed were caused by snowballs. He then saw plaintiff lying on the street. He stopped his truck and went to his assistance as he thought he might be involved. He said he had no knowledge that he was in a collision and that the wheels of his truck were in the street car tracks so that he could not have struck a car parked next to the curb.

The court ruled that the law applicable to this situation was stated in *Smith v. Bell Telephone Co.*, 397 Pa. 134, 153 A. 2d 477, as follows: "Therefore, when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evi-

dence and reasonable inferences therefrom which are inconsistent therewith."

The plaintiff should be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom: *Brown v. Popky,* 413 Pa. 236, 196 A. 2d 638.

In the present case not only do we have the fact that there was a loud noise and that immediately thereafter plaintiff's truck rocked and he was then knocked to the ground but we also have the evidence of the truck driver for the defendant that he heard two thumps and that he returned to the scene to give aid to the plaintiff. True it is that he says he merely did this because he wanted to give aid to the plaintiff, but it would be a reasonable inference that he did it because he heard the two thumps and might have considered his truck to have been involved. We do not believe that this case is so clear that the minds of reasonable men could not differ. We believe that there were enough circumstances shown by the plaintiff to require submission of the case to a jury.

Judgment reversed and a new trial awarded.