Devenney et ux., Appellants, *v.* North Franklin Township Volunteer Fire Department, Inc.

Argued November 15, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Wray G. Zelt, III,* with him *Zelt & Zelt,* for appellants.

*Robert L. Ceisler,* for appellee.

OPINION BY SPAULDING, J., March 23, 1967:

This is an appeal by plaintiffs James and Elizabeth Devenney from the trial court's refusal to remove a compulsory nonsuit.

On July 9, 1960, Mrs. Devenney took her children to a public fair operated by defendant near Washington, Pennsylvania. While there, she was struck on the back of the head and neck by an object. At the time, she was standing approximately ten feet from a concession stand directly behind her where the public could throw balls at bottles and win prizes. After being hit, she turned around and saw a ball on the ground

next to her. She had not noticed its presence prior to the accident. There was no evidence of other ball throwing stands in the vicinity.

Mrs. Devenney testified that the stand was operated by two men and that several small boys were inside retrieving balls and throwing them back to the front of the stand.[1] Her son, James,[2] did not see the accident but approached the stand immediately thereafter and asked the two men behind the counter why they had hit his mother. According to him, they replied: "They said they didn't hit her, they had some kids there, was picking up balls and thrown one, [sic] hit her."

After the presentation of plaintiffs' case, the trial judge granted a compulsory nonsuit which the court en banc refused to remove. Refusal was based on the conclusion that: "There was *no proof* that it was a ball which hit Mrs. Devenney in the neck; if it was a ball, there was *no proof* it was the defendant's ball; if it was the defendant's ball, there was *no proof* that the thrower was in any way connected with the operation of the bottle game or that he was under the control of the defendants." (Emphasis added.)

## I

In the landmark case of *Smith v. Bell Telephone Company of Pennsylvania*, 397 Pa. 134, 153 A. 2d 477

---

[1] On direct examination she was asked:

"Q. Did you see anybody that was in there or can you give us a description of those people that were there?

"A. Yes, sir, there was two men that wears [sic] white caps and there was a bunch of little children—boys, you know, gathering the balls up and throwing them back into where they throw them.

"Q. You mean toward the front?

"A. Yes."

[2] James was seventeen years old at the time of the accident.

(1959), the Supreme Court presented a new standard of evidentiary adequacy for submission of a case to a jury. In so doing, the Court expressly overruled a line of cases which required the plaintiff to show that his allegation was the only reasonable inference which could be drawn from the facts. Mr. Justice McBride stated: "The formula that 'the circumstances must be so strong as to preclude the possibility of injury in any other way and provide as the only reasonable inference the conclusion plaintiff advances' is not a correct statement of the rule to be applied by the judge on deciding a motion for either a nonsuit or binding instructions. If that were the rule what would be the province of the jury? In no case where there was more than one reasonable inference would the jury be permitted to decide. Insofar as this rule is stated in our cases it is disapproved.[3]

"We have said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based. [citing cases]. Clearly this does not mean that the jury may not draw inferences based upon all the evidence and the jurors' own knowledge and experiences, for that is, of course, the very heart of the jury's function. It means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by the plaintiff, and not that that conclusion must be the *only* one which logically can be reached." (Emphasis in original.)

"It is not necessary under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors lia-

---

[3] The Court cited 18 cases which were thus overruled.

bility. . . . *The facts are for the jury in any case wheth-
er based upon direct or circumstantial evidence where
a reasonable conclusion can be arrived at which would
place liability on the defendant.* It is the duty of the
plaintiff to produce substantial evidence, which, if be-
lieved, warrants the verdict he seeks. The right of a
litigant to have the jury pass upon the facts is not fore-
closed just because the judge believes a reasonable man
might properly find either way. A substantial part of
the right to trial by jury is taken away when judges
withdraw close cases from the jury. *Therefore, when
a party who has the burden of proof relies upon cir-
cumstantial evidence and inferences reasonably deduci-
ble therefrom, such evidence, in order to prevail, must
be adequate to establish the conclusion sought and must
so preponderate in favor of that conclusion as to out-
weigh in the mind of the fact-finder any other evidence
and reasonable inferences therefrom which are incon-
sistent therewith.* This rule has been applied in sub-
stance in many cases. See Miller v. Hickey, 368 Pa.
317, 81 A. 2d 910; Rockey v. Ernest, 367 Pa. 538, 541,
80 A. 2d 783; Turek v. Pennsylvania R. R. Co., 361 Pa.
512, 64 A. 2d 779; Randolph v. Campbell, 360 Pa. 453,
62 A. 2d 60."[4] (Emphasis added.)

*Smith* involved an appeal by the plaintiff from a
compulsory nonsuit. However, the latter part of the

---

[4] In the companion case of *Lear v. Shirk's Motor Express Cor-
poration,* 397 Pa. 144 (1959), Mr. Justice McBride amplified the
standard: "A plaintiff is entitled to have his case considered by
the jury even though he does not show that the only reasonable
inference is that defendant's negligence was the proximate cause
of the accident. It is enough that he produces evidence which may
properly be found by the jury to justify an inference that the de-
fendant's negligence was the proximate cause of the accident be-
cause such evidence outweighs even though it does not *exclude* an
inference that the defendant was not negligent or that his negli-
gence was not the proximate cause of the accident." (Emphasis
in original.)

opinion which refers to the "burden of proof" and the evidence needed "in order to prevail" embodies a different standard for a totally different purpose. Here the Court was discussing the requisite evidence to support a verdict.[5]

The *Smith* nonsuit standard has been consistently followed and the second standard, although dictum, has received frequent application.[6]

---

[5] The fact that none of the four cases cited—*Miller, Rockey, Turek,* and *Randolph*— involved nonsuits, supports this interpretation. Later language in the opinion further defines the distinction: ". . . it is entirely reasonable for the jury to find that the accident resulted from the negligence of the defendants. Of course, if the jury is not convinced of that fact by the preponderance of the evidence, they may not conclude that negligence was the cause. But that decision is for the jury, and neither the trial judge nor this Court may assume it." *Smith,* supra at 141.

[6] *Steiner v. Pittsburgh Railways Company,* 415 Pa. 549, 204 A. 2d 254 (1964) (nonsuit sustained) ; *Puskarich v. Trustees of Zembo Temple,* 412 Pa. 313, 194 A. 2d 208 (1963) (nonsuit sustained) ; *Cantwell v. Bristol Township,* 412 Pa. 469, 194 A. 2d 922 (1963) (nonsuit sustained) ; *Flagiello v. Crilly,* 409 Pa. 389, 187 A. 2d 289 (1963) (nonsuit sustained) ; *Davies v. McDowell National Bank,* 407 Pa. 209, 180 A. 2d 21 (1962) (nonsuit sustained) ; *Dorofey v. Bethlehem Steel Company,* 407 Pa. 288, 180 A. 2d 562 (1962) (nonsuit sustained) ; *Riesberg v. Pittsburgh & Lake Erie Railroad,* 407 Pa. 434, 180 A. 2d 575 (1962) (nonsuit sustained) ; *Finney v. G. C. Murphy Company,* 406 Pa. 555, 178 A. 2d 719 (1962) (nonsuit removed) ; *Robbins v. Kaufman,* 415 Pa. 192, 202 A. 2d 826 (1964) (n.o.v. sustained) ; *Lewis v. United States Rubber Company,* 414 Pa. 626, 202 A. 2d 20 (1964) (n.o.v. denied) ; *Stimac v. Barkey,* 405 Pa. 253, 174 A. 2d 868 (1961) (n.o.v. denied) ; *Green v. Prise,* 404 Pa. 71, 170 A. 2d 318 (1961) (n.o.v. granted) ; *Mayberry v. Blue Ridge Soil Pep, Inc.,* 402 Pa. 264, 167 A. 2d 264 (1961) (new trial granted) ; *Johnston v. Dick,* 401 Pa. 637, 165 A. 2d 634 (1960) (n.o.v. granted) ; *Geiger v. Schneyer,* 398 Pa. 69, 157 A. 2d 56 (1959) (n.o.v. denied) ; *Shearer v. Insurance Company of North America,* 397 Pa. 566, 156 A. 2d 182 (1959) (n.o.v. denied).

The Superior Court has applied *Smith* in both the nonsuit and n.o.v. contexts. *Tennent v. Gulf Oil Company,* 204 Pa. Superior Ct. 431, 205 A. 2d 671 (1964) (nonsuit removed) ; *Sechrist v.*

The distinction between the twin standards of *Smith* —the amount of proof required to support submission of a case to a jury and the proof required to substantiate a verdict rendered by it—is fundamental. However, the standards often are used indiscriminately under the expression "burden of proof".[7] Under *Smith,* the initial standard is satisfied and the case properly submitted to the jury "where a reasonable conclusion can be arrived at which would place liability on the defendant." The second standard is not fulfilled until the evidence presented so preponderates in favor of the conclusion sought as to outweigh in the mind of the fact finder any other evidence.

Cognizant of the separate standards of *Smith* and aware that only the first standard is before us, we turn to the instant case.

## II

The court below, although mentioning *Smith,* placed principal reliance on *Cuthbert v. Philadelphia,* 417 Pa. 610, 209 A. 2d 261 (1965). In *Cuthbert,* the Court reversed a verdict for the plaintiff, having concluded that causation had not been proved. The scope of *Smith* was not affected because a nonsuit was not involved.

*Consolidated Market House of Lebanon,* 203 Pa. Superior Ct. 271, 199 A. 2d 538 (1964) (nonsuit removed); *Graham v. Sieger,* 196 Pa. Superior Ct. 622, 176 A. 2d 457 (1961) (nonsuit sustained); *Actman v. Zubrow,* 191 Pa. Superior Ct. 516, 159 A. 2d 30 (1960) (nonsuit sustained); *Gaynor v. Nagob,* 204 Pa. Superior Ct. 258, 203 A. 2d 525 (1964) (n.o.v. denied); *Kaercher v. Miller,* 191 Pa. Superior Ct. 416, 156 A. 2d 368 (1959) (new trial granted).

Federal Courts in diversity cases have looked to Pennsylvania law and similarly applied *Smith. Yeager v. J. R. Christ Company,* 364 F. 2d 96 (3d Cir. 1966) (directed verdict reversed); *Sleek v. J. C. Penney Company,* 324 F. 2d 467 (3d Cir. 1963) (verdict for plaintiff sustained); *Duckworth v. Ford Motor Company,* 211 F. Supp. 888 (E.D. Pa. 1962) (new trial denied); *Kernan v. Gulf Oil Corporation,* 201 F. Supp. 117 (E.D. Pa. 1961) (n.o.v. granted).

[7] 9 Wigmore, Evidence §§2485-2489 (3d ed. 1940).

Applying the nonsuit standard of *Smith,* the record does not support the conclusions of the trial court.

Mrs. Devenney's testimony that she saw a ball on the ground behind her immediately after being struck which she had not previously noticed supports the reasonable inference that this ball was the striking object.

That it was defendant's ball which struck Mrs. Devenney is also supported by evidence. Her testimony that she observed boys inside the stand who were throwing balls back towards the front is consistent with the inference that one of these balls hit her. The testimony that there were no other ball throwing stands in the area strengthens this inference.

Finally, her statement that there were two men behind the counter and several "little children—boys" in the stand who were "gathering the balls up and throwing them back" leads to the conclusion that the boys were in the control, if not the employ, of defendant. The admission by one of the counter men that they "had some kids there" who were picking up balls, threw one, and hit her solidifies this conclusion.

It is well settled that a nonsuit should be entered only in clear cases and the plaintiff must be given the benefit of all favorable evidence and reasonable inferences therefrom. Any evidentiary conflict must be resolved in favor of the plaintiff. *Calloway v. Greenawalt,* 418 Pa. 349, 211 A. 2d 435 (1965); *Steiner v. Pittsburgh Railways Company,* supra; *Flagiello v. Crilly,* supra.

We conclude the plaintiffs have discharged their initial burden of producing evidence and were entitled to have their case submitted to the jury.

Decision reversed and new trial granted.

WRIGHT, J., would affirm on the opinion of President Judge SWEET.