Carlile-Doughty Corporation, Appellant, *v.*
Philadelphia Electric Company.

Argued March 20, 1967. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-
MAN, JJ. (SPAULDING, J., absent).

*George E. Beechwood,* for appellant.

*Michael A. Foley,* for appellee.

OPINION BY HOFFMAN, J., June 16, 1967:

This appeal arises out of a trespass action in the County Court of Philadelphia. At the close of plaintiff's case, the court below entered a compulsory nonsuit in favor of defendant Philadelphia Electric Company. The sole question before us is whether there was sufficient evidence of negligence on the record to require the submission of the case to the jury.

On the evening of November 6, 1956, a violent explosion destroyed a guardhouse or watchman's office, belonging to plaintiff Carlile-Doughty Corporation, and located on Washington Street, Conshohocken, Pennsylvania. In an attempt to fix liability on the defendant company (whose gas mains run under the street in front of plaintiff's property), plaintiff offered the testimony of two witnesses.

Philip Neri, plaintiff's watchman, testified that his tour of duty on the day of the explosion began at 4:00 p.m. At 6:00 p.m., he started out the door of the guardhouse. When he applied the switch to turn off the lights in the structure, as he put it, ". . . everything blowed up."

Joseph B. Thomas, then Fire Marshal of the Borough of Conshohocken, testified that he arrived at the scene shortly after the explosion. He identified a photograph, which was received in evidence, showing the damage done to the structure. The roof had been torn off, and the windows were shattered. He said that he saw gas burning up through the soil along Washington Street, about thirty feet from the plaintiff's guardhouse. At an unspecified date subsequent to the explosion, he noted, there was a gas leak on Washington Street, several blocks from the site of the guardhouse.

Plaintiff contends that defendant was negligent in the maintenance and inspection of its Washington Street pipeline, allowing gas to escape from a leak in the main. Plaintiff further argues that the soil was sufficiently porous to permit escaping gas to accumulate in the guardhouse, and that it was ignited by the turning off of the light switch.

In the court below, the plaintiff relied principally on *Moidel v. Peoples Natural Gas Company*, 397 Pa. 212, 154 A. 2d 399 (1959). We agree with President Judge BONNELLY that that decision is not controlling here.

In *Moidel*, another explosion case, the Supreme Court held that a utility company might be found negligent, even though it had no actual knowledge, or notice, that leaking gas had been detected in the area. There, however, the plaintiff established that defendant's gas line, which was almost fifty years old, had separated at one of its joints. The evidence further showed that the joint was "defective" because improperly threaded, and that an attempt had been made to repair it at some time in the past. Consequently, " '[t]he jury would have been justified in finding either that the pipe was defective when put in place *or that it had been in use so long that the defendant ought to have known that it was unsafe to use it longer. . . .'* " (emphasis in original). *Moidel v. Peoples Natural Gas Company*, supra, at 219. In the present case, as the lower court noted, there was simply no evidence which would establish that defendant knew or should have known of any dangerous condition in its main.

Quite apart from the question of "notice," however, plaintiff's proof was wholly inadequate to establish that the explosion in its guardhouse was caused by a gas leak. Cf. *Conway v. Philadelphia Gas Works Company*, 336 Pa. 11, 7 A. 2d 326 (1939). There is no

showing here, for example, that defendant's pipelines in the vicinity of the Carlile-Doughty plant were actually defective or were so old as to permit an inference that they might have been defective. There is no showing that gas was leaking from any of them *prior* to the explosion. Indeed, the plaintiff's watchman, who was in the guardhouse immediately before its destruction, did not state that he detected any odor of gas therein, nor was he questioned on the point.

Moreover, although the plaintiff suggests that leaking gas passed from defendant's main on Washington Street through "porous" soil to the guardhouse, no expert testimony was offered as to the nature of the ground. Finally, nothing in the record indicates that turning *off* a light switch could generate a spark sufficient to ignite an accumulation of gas. These are matters on which a jury could only speculate.

We recognize that a nonsuit should be entered only in a clear case, and that the plaintiff should be given the benefit of all favorable evidence and reasonable inferences therefrom. *Devenney v. North Franklin Volunteer Fire Department, Inc.,* 209 Pa. Superior Ct. 378, 228 A. 2d 61 (1967). Nevertheless, in *Devenney* we also admonished that " '. . . the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture . . . [T]here must be evidence upon which logically its conclusion may be based. . . . [T]he evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by the plaintiff. . . .' " (p. 381).

We hold that the evidence introduced by the plaintiff in the present case did not meet the minimum standard enunciated in *Devenney.*

The judgment of the court below is therefore affirmed.