## Albert v. Christman

*Maxwell H. Cohen,* for plaintiffs.

*Robinson & Hoffner,* for defendants.

DAVIS, J., November 3, 1972.—Plaintiff Mildred A. Albert visited wife defendant Edith Christman at defendants' residence on the evening of April 4, 1966. She entered the living room, which was then being utilized as a bedroom for the wife defendant. At the invitation of wife defendant, plaintiff sat down on a chair. She did not sit back in the chair because she was excited over some recent purchases made just prior to her arrival. Her mother had occupied the same chair for about 20 minutes before her arrival, without incident. Plaintiff showed her purchases to wife defendant. In doing so she leaned either to the right or left of the chair. She had to stretch to show the purchases. As wife plaintiff reached down to the left to get' some gloves, the front leg or legs of the chair went out and she fell to the floor. She suffered injuries and seeks in this action to recover the damages she allegedly sustained by reason of said injuries.

Considering the evidence in the light most favorable to plaintiffs, as we are required to do, there was evi-

dence to show that several weeks prior to the injury a similar incident occurred to Esther Bell, sister-in-law of wife defendant, and that the husband defendant glued the rounds of the chair after that incident. At the time wife plaintiff was injured, husband defendant remarked that the glue must not have hardened.

At the conclusion of plaintiffs' testimony, the court granted a compulsory nonsuit.

We have before us plaintiffs' motion for removal of the cumpulsory nonsuit.

The wife plaintiff was a gratuitous licensee of defendants' premises. See Felix v. O'Brien, 413 Pa. 613 (1964).

The duty owing by defendants to the wife plaintiff is defined by section 342 of Restatement 2d, Torts, which provides:

"Sec. 342. Dangerous Conditions Known to Possessor

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but *only if,* (a) *the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and* (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) *the licensees do not know or have reason to know of the condition and the risk involved."* (Italics supplied.)

The test as to when it is proper for the trial judge to grant a motion for compulsory nonsuit is stated in Devenney et ux. v. North Franklin Township Volunteer Fire Department, Inc., 209 Pa. Superior Ct. 378 (1967), where the court said at page 382:

" *'The facts are for the jury in any case whether based upon direct or circumstantial evidence where*

*a reasonable conclusion can be arrived at which would place liability on the defendant.'"*

The court further said:

"'A substantial part of the right to trial by jury is taken away when judges withdraw close cases from the jury.'"

The Superior Court followed the ruling in Snfith v. Bell Telephone Company of Pennsylvania, 397 Pa. 134 (1959).

Judge Jacobs, in McNett v. Briggs, 217 Pa. Superior Ct. 322 (1970), said at pages 326, 327:

"In determining whether a case is to be submitted to the jury, the judge cannot choose between two reasonable inferences. The facts are for the jury where a reasonable conclusion can be reached which would place liability on the defendant. The jury may decide that such evidence does not preponderate in favor of liability; but such decision is for the jury, not the judge."

Wife plaintiff testified that she heard her mother tell the husband defendant that his sister-in-law had gone down on the chair. Asked whether he stated when this occurred, she testified, "Not exactly. I thought it was several weeks, though. I figured two weeks the way he talked."

She was further asked what he had said with regard to what he had done to the chair after Esther had gone down. He said, "he had used Elmer's glue and had glued it, he didn't think it had been set long enough and that may have been the reason that it had separated again."

Edith Grace Everitt, mother of wife plaintiff testified:

"I told Amzi to go to work and get himself some Elmer's glue, which was very good glue, and I said 'My

sister told me there is still a better glue which is called airplane glue.' "

To which husband defendant replied: "Everitt, I did get a bottle of Elmer's glue and I fixed it. Esther was over here a few weeks ago and went down on this chair and I went and got myself Elmer's glue and I fixed it, and I got about half of it left and I will use that."

She was asked, "Did he say anything with regard to what must have happened to that chair?" "He said that that chair couldn't have dried, that the glue on to it couldn't have dried, it must have been soft, because it went down, because he fixed it with that when Esther went down on it."

The husband defendant, 85 years of age, was a carpenter and contractor prior to his retirement.

The question is what reasonable inferences may be drawn from the testimony?

It appears that the jury might have drawn the inference either that the husband defendant (a) did not properly glue the rounds of the chair after the incident involving Esther Bell, or (b) that he placed the chair in use prior to the time the glue had dried sufficiently to make use of the chair safe. The jury may have found that husband defendant knew of the dangerous condition of the chair and failed to warn wife plaintiff of the danger or to take reasonable precautions to make the condition safe. See Sharp v. Luksa, 440 Pa. 125, 129 (1970).

Under such circumstances, plaintiffs were entitled to have the liability of defendants to be submitted to the jury.

## ORDER

And now, November 3, 1972, the cumpulsory non-suit heretofore entered is removed and plaintiffs awarded a new trial.