Martin et al., Appellants, *v.* Rotunnio.

Argued March 28, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edward O. Tabor,* for appellant.

*Henry Kauffman,* with him *Louis Little,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 1, 1933:

This is an action brought by parents to recover damages for the death of a seven-year-old child who died as a result of colliding with defendant's automobile driven by him. The trial judge entered a compulsory nonsuit which the court in banc refused to take off. From this refusal plaintiffs appeal.

In some of its most material features the testimony is quite vague. In granting the nonsuit the trial judge said he did so because of lack of proof of defendant's negligence.

Defendant was driving his car along the middle of a street in the City of Pittsburgh shortly before six o'clock in the afternoon of October 3d. The street is thirty-four feet wide between curbs. It was a clear day. He had passed the intersection of another street which enters, but does not cross, the one on which he was proceeding. Just how far he was beyond the intersection the evidence does not clearly show. It does establish, however, that the accident did not take place at the crossing. He testified, when called by plaintiffs as under cross-examination, that his speed was eighteen to twenty miles an hour and that he was looking ahead. No one contradicted either of these statements. He said, as he was proceeding the child suddenly appeared about two feet from his left fender and was struck by it. No one testified as to where the child came from or what her movements were just before she was struck. The defendant "guessed" she was running. The car moved after the impact according to his recollection about twenty feet. One witness stated the distance was about forty-five feet. Another witness called by plaintiffs concluded it ran about a hundred feet. He, however, seems to have been very uncertain as to distances.

The court below in its opinion thus summed up the case: "There was no evidence introduced, or facts established, from which the jury might find anything pertaining to the conduct of the child before the accident took place; no sufficient evidence was introduced tending to show from whence she came, whether or not her presence was apparent to the driver of the automobile, or exactly at what place or in what manner she might have been attempting to cross the street upon which the automobile was traveling."

Recoveries cannot be based upon conjecture, as we pointed out in McAvoy v. Kromer, 277 Pa. 196, relied upon by the court below in refusing to remove the nonsuit. That case closely parallels the one in hand. There we said, speaking through Mr. Justice KEPHART: "To affirm appellee's case, we must hold that a mere collision between an automobile and a pedestrian or vehicle proves negligence; this it does not do. . . . . . . There is nothing in the evidence to show how plaintiff came into this part of the street. . . . . . . No one saw him in the intervening space from the curb to the place of the accident, nor, so far as the record shows, does any one know just how the accident happened. . . . . . . All these circumstances are left to conjecture. . . . . . . While the driver of an automobile is required to be vigilant, he is not bound to anticipate that a child will suddenly dart from the side of the street, or suddenly run across the street, in front of his car. . . . . . . To hold a driver of a car liable for a collision between crossings, the pedestrian must have been 'on the cartway a sufficient length of time to be seen, the driver of the car being far enough away to bring his machine under control.' "

The judgment is affirmed.