Derr et ux., Appellants, *v.* Rich.

Argued April 13, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Vincent J. Dalton,* for appellants.

*C. W. Staudenmeier,* with him *R. A. Freiler,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 30, 1938:

The plaintiffs, as parents, instituted this action to recover damages for the death of their son, Robert W. Derr, aged five years and five months, who was killed by an automobile operated by defendant, in the City of Pottsville, Schuylkill County. The jury rendered a verdict in favor of plaintiffs, whereupon defendant filed motions for a new trial and for judgment non obstante verdicto. The court in banc overruled the motion for a new trial, but entered judgment for defendant, from which plaintiffs have taken this appeal.

The accident occurred on April 22, 1936, shortly after 4 : 30 o'clock, P. M. on a clear afternoon. The child was struck at a point on the north side of East Norwegian Street, about sixteen feet west of Charles Street. Norwegian Street in Pottsville extends east and west; it is paved with concrete, and is forty feet wide from curb to curb. Charles Street forms a junction with it at right angles on its northerly side only. There is an unobstructed view along Norwegian Street for approximately three hundred feet in either direction at the place of the accident.

The defendant was driving her car eastwardly along Norwegian Street toward Charles Street at a speed of twenty-five to thirty miles an hour. She was proceeding on the north or left side of this two-way street and, when she was within a short distance of Charles Street, she struck the child, dragging his body about twenty feet. She continued beyond the intersecting street a distance of approximately sixty feet from the point of impact before bringing her car to a stop. There was no traffic

on Norwegian Street at the time of the accident. Two cars were parked upon its north side a short distance from the intersection, and there were two cars on the south side, about thirty feet from Charles Street. These parked cars were parallel with and close to the curb.

According to the testimony the child had been playing upon a vacant lot on the south side of Norwegian Street. He stepped off the south curb into the cartway of the street, and had crossed over thirty feet of its width when he was struck by defendant's automobile, as he was within ten feet of the north curb. He was taken to the hospital, where he died shortly after admittance.

One of the witnesses called by plaintiff lives on the north side of Norwegian Street. The accident occurred in front of her residence. She testified that the Derr child and her son had been playing together upon the vacant lot on the south side of the street. She did not see the boy enter the cartway, but immediately before he was struck she looked from the third-story window of her home and saw him running across the street toward the north curb. She stated that when he had almost reached the automobile parked on the north side of the street, and was within five feet of the curb, he was hit by the left front headlight of defendant's automobile. While she was unable to express an opinion concerning the speed of the car, she said that the automobile continued on for a considerable distance, carrying the body of the boy about twenty-five feet.

Another witness, with three other persons, was seated in one of the automobiles parked on the north side of the street facing east. He testified that his attention was attracted by a noise to the rear of his car, and that almost immediately defendant's automobile passed within two feet of him, at a speed which he estimated to be thirty miles an hour; that as he looked up, he saw the body of the child lying in the cartway a short distance from his automobile. This testimony was corroborated by one of the three persons seated in the car with him

at the time of the accident, who also said that defendant's automobile continued past the intersection about sixty feet after striking the child.

The defendant admits that she struck plaintiffs' son at a point just west of the junction of the two streets, but she asserts that she did not see the child until her automobile was almost upon him, because he darted out from behind one of the cars standing on the south side of Norwegian Street. She claims that he appeared in the path of her car so suddenly that there was not sufficient time for her to change direction or bring her car to a stop before striking him. She denies driving on the left side of the street, but on the contrary asserts that she was driving on the right or south side of Norwegian Street at a speed not in excess of eighteen miles an hour. She could not remember how far her automobile proceeded after the accident, but admits that she reached the far side of Charles Street before she brought it to a stop.

In entering judgment for the defendant, the court reached the conclusion from the evidence that the deceased child "suddenly and heedlessly ran from behind the parked cars in front of the defendant," and "was almost instantly hit when he appeared in the path of the defendant's car. . . ."

The sole question in the case is whether the evidence indicates that the child was in the highway such a length of time before the accident occurred that the defendant in the exercise of due care should have seen him and avoided the accident. If this be true, then the rule does not here apply that drivers of automobiles are not required to anticipate that a child will suddenly run from a place of safety into the path of oncoming vehicles: *Stahl v. Sollenberger,* 246 Pa. 525; *McMillen v. Strathmann,* 264 Pa. 13; *Leslie v. Catanzaro,* 272 Pa. 419; *McAvoy v. Kromer,* 277 Pa. 196; *Martin v. Rotunnio,* 311 Pa. 487.

While the evidence is conflicting, the testimony on behalf of the plaintiffs, which must be considered in the

light most favorable to their version of the accident, clearly establishes the fact that the child had almost completed the crossing and was within five to ten feet of the north curb before he was struck by the car of defendant. This fact controverts defendant's contention that the child left a place of safety upon the sidewalk, and without warning ran in front of her automobile so suddenly that it was not possible for her to avoid him. At the place where the accident occurred Norwegian Street is forty feet in width, so that even when the child had cleared the north side of the parked automobile, he still was required to travel at least twenty-five feet further, in plain view, to the point where he was struck by the automobile.

Whether the defendant should have observed the presence of the child upon the highway while he was traveling that distance, in sufficient time to avert the accident, was a question of fact for the jury: *Kuehne v. Brown,* 257 Pa. 37; *Parznik v. Central Abattoir Co.,* 284 Pa. 393; *Lucas v. Bushko,* 314 Pa. 310; *Wilson v. Metropolitan Corp.,* 324 Pa. 321; *Derrickson v. Tomlinson,* 326 Pa. 560.

The defendant had an unobstructed view of the street for at least three hundred feet, and if she had been proceeding at the speed she contends, the child was upon the highway such a length of time that she had sufficient opportunity to observe his presence and avoid the accident. That she failed to do so indicates either that the automobile was being driven at excessive speed, or that defendant was inattentive in its operation. In *Silberstein v. Showell, Fryer & Co.,* 267 Pa. 298, it is said (p. 306) : "Where an automobile driver sees a child in a place of danger, . . . and has sufficient time to stop his car . . . it is his duty to exercise such care as would be reasonably necessary to avoid a collision." In this case the verdict of the jury has determined that the defendant failed to exercise that degree of care. It seems to us that the evidence does not sustain the con-

clusion reached by the court below, and it was error to have entered judgment in favor of defendant.

The judgment of the court below is reversed, and judgment is here entered for the plaintiffs.