350

Lasek et ux., Appellants, *v.* Jaroschak.

Argued April 12, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Robert A. Cohen,* with him *Goldstock, Schwartz, Teitlebaum and Schwartz,* for appellants.

No argument was made nor brief submitted for appellee.

OPINION BY WOODSIDE, J., June 15, 1960:

This is an appeal from the refusal of the County Court of Allegheny County to remove a compulsory nonsuit entered in a trespass action for damages to a building caused when an automobile struck it.

Viewing the evidence in the light most favorable to the plaintiffs,[1] it appears that the defendant, Joseph J. Jaroschak, was driving an automobile down a steep grade on Bates Street, Pittsburgh, at 11:30 o'clock in the morning of a rainy summer day in 1954. Bates Street is a narrow street leading into the Parkway. It is paved with asphalt and there is a curve in it. Jaroschak testified as follows: ". . . coming down the hill, I went into a slight skid. I pulled out and went straight. Coming around the bend, I went into a skid again and hit the fire plug." Thereafter, his automobile hit a utility pole, jumped the curb, crossed the sidewalk and struck the plaintiffs' building. Suit was brought for the damage done to the building.

The trial judge granted a nonsuit, which the court refused to remove because there was "no positive testimony which shows that defendant was not driving with due care under the circumstances."

A nonsuit should not be entered for the lack of evidence to sustain the action unless the lack of evidence is so clear that there is no room for fair and reasonable disagreement. *Szukics v. Ruch,* 367 Pa. 646, 649, 81 A. 2d 903 (1951) ; *Kallman v. Triangle Hotel Co.,* 357 Pa. 39, 42, 52 A. 2d 900 (1947).

---

[1] *Auel v. White,* 389 Pa. 208, 132 A. 2d 350 (1957).

It was the defendant's duty in operating the automobile to take into consideration the condition of the road, including the fact that it was slippery. *Griffith v. V. A. Simrell & Son Co.*, 304 Pa. 165, 155 A. 299 (1931); *Cook v. Miller Transport Co.*, 319 Pa. 85, 179 A. 429 (1935). A presumption of negligence arose when it appeared that he permitted his automobile to deflect from its course and to skid onto the sidewalk. *Griffith v. V. A. Simrell & Son Co.*, supra, and *Wallace v. Keystone Auto. Co.*, 239 Pa. 110, 86 A. 699 (1913); *Matzasoszki v. Jacobson*, 122 Pa. Superior Ct. 180, 186 A. 227 (1936); *Davin v. Levin*, 357 Pa. 554, 55 A. 2d 364 (1947). In the ordinary course of events, an automobile does not leave a highway, cross a sidewalk and crash into a building, if the driver is using proper care. *First National Bank v. Simko*, 384 Pa. 603, 605, 122 A. 2d 47 (1956).

It has been frequently held that the fact that an automobile is being operated on the wrong side of the highway makes out a prima facie case of negligence. See *Nixon v. Chiarilli*, 385 Pa. 218, 222, 122 A. 2d 710 (1956) and cases cited therein. When the plaintiffs established that the defendant's car was operated on a sidewalk, they established a prima facie case which cannot be taken from the jury solely because the evidence further shows that the car skidded before it went onto the sidewalk.

This case is ruled by the recently decided case of *Highway Express Lines, Inc. v. General Baking Co.*, 190 Pa. Superior Ct. 597, 601, 155 A. 2d 450 (1959) in which Judge WRIGHT said: "It has been held that skidding in and of itself is not evidence of negligence: Lithgow v. Lithgow, 334 Pa. 262, 5 A. 2d 573; Master v. Goldstein's Fruit & Produce, 344 Pa. 1, 23 A. 2d 443. However, the operator of a motor vehicle is bound to take into account the condition of the highway: Mulheirn v. Brown, 322 Pa. 171, 185 A. 304, and skidding

may be and frequently is the result of negligence: Davin v. Levin, 357 Pa. 554, 55 A. 2d 364. Thus the question of negligence in skidding cases becomes an issue of fact for the jury: Miles v. Myers, 353 Pa. 316, 45 A. 2d 50; Szvitih v. Doernte, 360 Pa. 415, 61 A. 2d 823; Fisher v. Hill, 362 Pa. 286, 66 A. 2d 275."

The order is reversed and a venire facias de novo directed.