Zernell, Appellant, *v.* Miley.

18

Argued January 13, 1965.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Avram G. Adler,* with him *Abraham E. Freedman,
Richard L. Raymond, R. Stuart Jenkins,* and *Freed-*

*man, Borowsky and Lorry,* and *Schroeder, Jenkins and Raymond,* for appellants.

*Melvin G. Levy,* with him *Albert Blumberg,* and *Mc-Clenachan, Blumberg & Levy,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 16, 1965:

This appeal questions the correctness of the lower court's entry of a judgment of compulsory nonsuit in a personal injury action arising out of an automobile accident.

This is the factual background: Seventh Street is a two-way, paved public street, 27 feet in width, running east and west in the City of Chester. At the point involved herein, North Street runs into Seventh Street from the southerly side, forming a "T" intersection. About 8 feet to the east, North Street continues at a jog as an unimproved, dirt alley on the northerly side of Seventh Street. Buildings abut the alley on both sides, and the building line nearest Seventh Street is 12 feet from the curb thereof.

On a clear, dry afternoon, the defendant was operating an automobile in a westerly direction on Seventh Street (in the middle thereof), approaching the intersection before described. He was traveling at a speed of 25 miles per hour. At the time, the minor plaintiff, Marlin Zernell, aged seven years, was playing in the North Street alley with a young companion. The latter kicked a ball over Zernell's head and it traveled from the alley into Seventh Street. Zernell gave chase to retrieve it and ran from the alley into the roadway. As he was picking up the ball, he was hit by the right fender of the defendant's automobile. The impact drove Zernell a distance of from 10 to 15 feet, causing serious injuries. Defendant's automobile came to a stop 10 feet from the point of impact.

The minor plaintiff, as a seven year old boy, is rebuttably presumed to be incapable of negligence; and this presumption can be overcome only by proof that he was of sufficient comprehension as to perceive the danger into which he placed himself: *Kuhns v. Brugger,* 390 Pa. 331, 135 A. 2d 395 (1957). Furthermore, contributory negligence is declared as a matter of law only in very clear cases, and this is not such.

The sole question herein is whether or not the plaintiffs have supplied enough proof as to warrant the submission of the question of defendant's negligence to the jury. We think that they have, and therefore, the entry of a compulsory nonsuit was erroneous.

The pertinent principles of law are clear. The duty of a motorist, when approaching a street intersection, is to be highly vigilant and to maintain such control that he can stop so as to avoid injury to a pedestrian on the shortest possible notice: *Rutovitsky v. Magliocco,* 394 Pa. 387, 147 A. 2d 153 (1959), and *Salkin v. James,* 376 Pa. 205, 102 A. 2d 168 (1954). And it is the presence of the intersection, not the position of someone therein, which determines the care required of the approaching drivers: *Kane v. Scranton Transit Co.,* 372 Pa. 496, 94 A. 2d 560 (1953), and *Fidelity-Philadelphia Trust Co. v. Staats,* 358 Pa. 344, 57 A. 2d 830 (1948). This duty applies whether it is a dead-end intersection or a complete intersection: *Fidelity-Philadelphia Trust Co. v. Staats,* supra, and *Atkinson v. Coskey,* 354 Pa. 297, 47 A. 2d 156 (1946).

If a child is in a place of danger on a public highway for sufficient time for the driver of an automobile, in the exercise of due care, to see him and stop his car, or otherwise avoid hitting him, the driver is guilty of negligence if he fails to do so: *Berk v. LeQuin,* 412 Pa. 88, 194 A. 2d 136 (1963); *Derr v. Rich,* 331 Pa. 502, 200 A. 599 (1938); and, *Johnson v. Abbotts Alderney Dairies,* 295 Pa. 548, 145 A. 605 (1929). However, for

negligence to exist, the evidence must establish that the child was on the highway and visible to the driver for a sufficient period of time to give the latter a reasonable opportunity to see him and avoid the accident: *Flagiello v. Crilly,* 409 Pa. 389, 187 A. 2d 289 (1963). If the child suddenly comes into the pathway of an automobile and immediately in front of it, and the driver, in the exercise of due care, does not have a reasonable opportunity to avoid the accident, then he cannot be held responsible. See, *Martin v. Rotunnio,* 311 Pa. 487, 167 A. 33 (1933).

The crucial question, therefore, is whether or not the minor plaintiff was in the roadway for a sufficient period of time before the accident that the defendant, in the exercise of due care, should have seen him and avoided the accident. There is a conflict in the testimony on this vital point and it is fundamental that all conflicts must be resolved in plaintiffs' favor, and also that the plaintiffs must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom: *Penn v. Isaly Dairy Co.,* 413 Pa. 548, 198 A. 2d 322 (1964).

The defendant was called in the plaintiffs' case as for cross-examination. He testified that the minor plaintiff ran between two parked automobiles on the northerly side of Seventh Street right in front of his automobile immediately before the impact, without giving him time to see him and to come to a stop. If this testimony were unrebutted, it would be conclusive and determinative: *Rogan Estate,* 404 Pa. 205, 171 A. 2d 177 (1961), and *Kline v. Kachmar,* 360 Pa. 396, 61 A. 2d 825 (1948). However, other testimony established that there were no parked cars in the area on Seventh Street. Also, other witnesses testified that on the night of the accident the defendant, in offering an explanation of the occurrence, stated that he first saw the ball come into the street and then saw the boy

crawling on his hands and knees in the roadway. This testimony, coupled with the fact that the minor plaintiff had traversed several feet across the roadway before being hit (which necessarily follows from the defendant's own testimony that his automobile was in the middle of the roadway at the time), could lead reasonable minds to the conclusion that the boy was visible in the roadway for sufficient time to give the defendant, in the exercise of due care, a reasonable opportunity to see him and avoid the accident.

Admittedly, it is a very close case, but in our opinion not one that can be determined as a matter of law.

If the boy darted into the roadway in front of defendant's automobile immediately before the impact, there can be no recovery. On the other hand, if the boy ran several feet across the street and then assumed a position on his hands and knees to retrieve the ball before being hit, this could give rise to a reasonable inference that the defendant, if he had been exercising due care, could and should have seen him in time to avoid the accident.

*Flagiello v. Crilly*, supra, strongly relied upon by the defendant, is factually inapposite.

Judgment reversed, and new trial ordered.

Mr. Chief Justice BELL dissents.