Calloway, Appellant, v. Greenawalt.

Argued May 26, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John A. Roe,* for appellants.

*Richard B. Wickersham,* with him *Christian S. Erb, Jr.,* and *Metzger, Wickersham & Knauss,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 30, 1965:

This is an appeal from a judgment of nonsuit entered by the Court of Common Pleas of Dauphin County.

On September 2, 1961, at about 11:00 A.M., David Calloway, then four years of age, was injured when he was struck by an automobile being operated by the defendant, Frank S. Greenawalt. Greenawalt was driving his automobile in a southerly direction on Fifth Street in Harrisburg, Pennsylvania, at about 25 miles per hour. When he reached a point 75 feet from the intersection of Kelker and Fifth Streets, he struck the minor plaintiff. Fifth Street was a one-way street. *Cars were parked all along the west side of Fifth Street* and partially along the east side of Fifth Street. Charles Robinson, who was the only eye witness to the accident, testified that David Calloway came out of a store on the northwest corner of Fifth and Dauphin Streets and started walking south on the sidewalk on the west side of Fifth Street. He stopped for a few minutes where a group of six or seven children were playing on the sidewalk. Then he stepped off the sidewalk, walked between two parked cars and was struck by defendant's automobile, at the front right fender by the headlight. He was knocked backwards, and half of his body was under the back of one of the cars which he had walked between.

Immediately after the accident, Robinson walked up to the defendant and said, "It's a darned shame the kid got hit like that". Greenawalt replied, " 'Yes,' " " 'but I didn't see the kid' ".

This was the only evidence of negligence.

At the conclusion of plaintiffs' case, the trial Judge granted a nonsuit which the Court subsequently refused to take off.

In *Steiner v. Pittsburgh Rwys. Co.*, 415 Pa. 549, 204 A. 2d 254, the Court, quoting from *Flagiello v. Crilly*, 409 Pa. 389, 390-391, 187 A. 2d 289, said (pages 552-553) : ". . . 'It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor: Castelli v. Pittsburgh Railways Company, 402 Pa. 135, 165 A. 2d 632; Stimac v. Barkey, 405 Pa. 253, 174 A. 2d 868; Borzik v. Miller, 399 Pa. 293, 159 A. 2d 741.

" 'The law is likewise clear that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the proximate cause of the accident: Stimac v. Barkey, 405 Pa., supra; Schofield v. King, 388 Pa. 132, 130 A. 2d 93.

" 'The mere happening of an accident or the mere fact that a moving vehicle collides with a pedestrian or with another vehicle does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence: Bohner v. Eastern Express, Inc., 405 Pa. 463, 175 A. 2d 864; Stimac v. Barkey, 405 Pa., supra; Gatens v. Vrabel, 393 Pa. 155, 142 A. 2d 287; Schofield v. King, 388 Pa., supra; Ebersole v. Beistline, 368 Pa. 12, 82 A. 2d 11; Hulmes v. Keel, 335 Pa. 117, 6 A. 2d 64; Niziolek v. Wilkes-Barre Railway Corp., 322 Pa. 29, 185 A. 581.

" 'It is also well settled that the doctrine of res ipsa loquitur does not apply and a jury is not permitted to find a verdict based on surmise or guess: Schofield v. King, 388 Pa., supra; Smith v. Bell Telephone Co., 397 Pa. 134, 153 A. 2d 477.' See also: Izzi v. Philadelphia [Transportation Co.], 412 Pa. 559, 195 A. 2d 784."

Contrary to plaintiffs' contentions, this is not the same situation as where a child is struck in the middle of the street, or where he can and should be seen if the driver had looked, and the automobile could and should have been stopped in time to avoid the accident.

In the light of the aforesaid authorities, it is clear that plaintiffs' evidence failed to prove that defendant was negligent, and any conclusion of negligence would be nothing but a mere guess.

Judgment of nonsuit affirmed.

Mr. Justice MUSMANNO dissents.