Jones et al., Appellants, *v.* Spidle.

82

Argued June 13, 1968. Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and
HANNUM, JJ.

*Daniel H. Shertzer,* for appellant.

*S. R. Zimmerman,* with him *Zimmerman, Zimmerman, Myers & Gibbel,* for appellees.

OPINION BY MONTGOMERY, J., September 13, 1968:

Plaintiff Jeffrey J. Jones, a minor, by his parents and natural guardians, Robert E. Jones and Florence Jones, and in their own right, brought this action against Mary C. Spidle and Charles P. Spidle, partners, doing business as Spidle's Meat Market, and Kenneth L. Huhn, their employe, for injuries sustained by Jeffrey J. Jones, then three years of age, on January 6, 1963, when he was struck by a delivery truck of defendants Spidle and operated by defendant Huhn in Lancaster, Pennsylvania. At the close of plaintiffs' case as to negligence, the defendants moved for a compulsory nonsuit, which was granted. A motion to remove this nonsuit being overruled the plaintiffs take this appeal.

A compulsory nonsuit may be entered only in a clear case, and only where there is no doubt as to the inference to be drawn from the evidence. *Weed v. Kerr,* 416 Pa. 233, 205 A. 2d 858 (1965). When it is entered for lack of evidence to sustain the action it must be so clear that there is no room for fair and reasonable disagreement to it. *Lasek v. Jaroschak,* 192 Pa. Superior Ct. 350, 162 A. 2d 25 (1960).

Viewing the evidence adduced on behalf of plaintiff as true; reading it in the light most favorable to him; giving him the benefit of every reasonable inference that a jury might derive from the evidence and resolving all doubts, if any, in his favor as we are required to do in considering the entry of a compulsory nonsuit, the following facts may be taken as established. This accident occurred on Fifth Street in the

City of Lancaster, Pennsylvania, in a residential district. Fifth Street at the point of the accident is a two-lane street nineteen feet three inches wide and is designated as a one-way street with the right lane designated for parking and the left lane for travel.

The minor plaintiff, Jeffrey, three years old at the time, had been seen playing with his brother Robert, then five years old, on the left side of the street about ten to fifteen minutes before the accident in which Jeffrey was struck by the front of a Volkswagen truck traveling 20 to 25 miles per hour, operated by Kenneth L. Huhn, an employe of the other defendants who owned the truck. A dent on the truck indicated that the impact had occurred between the right headlight and the center emblem. The driver of the truck testified on cross-examination that he first saw the child inches to a foot in front of his truck, ". . . in fact the first time I saw him was when he was out in the street and he was about even with the right front of my truck. I immediately applied my brakes and I felt the front of the truck strike the child." The truck traveled 115½ feet before stopping, during part of which distance the child was being carried underneath the truck, and left two skid marks on the street, one thirteen feet in length and the other ten feet three inches.

The pertinent principles of law are clear in this case. If a child is in a place of danger on a public highway for sufficient time for the driver of an automobile in the exercise of due care to see him and stop his car, or otherwise avoid hitting him, the driver is guilty of negligence if he fails to do so. *Zernell v. Miley*, 417 Pa. 17, 208 A. 2d 264 (1965) ; *Berk v. Le-Quin*, 412 Pa. 88, 194 A. 2d 136 (1963) ; *Derr v. Rich*, 331 Pa. 502, 200 A. 599 (1938). Although the duty of care of an automobile between intersections is not

as great as such duty at an intersection, *Purdy v. Hazeltine,* 321 Pa. 459, 184 A. 660 (1936), for negligence to exist the evidence must establish that the child was on the highway and visible to the driver for a sufficient period of time to give the latter a reasonable opportunity to see him and avoid the accident. *Flagiello v. Crilly,* 409 Pa. 389, 187 A. 2d 289 (1963). If a child suddenly comes into the pathway of an automobile and immediately in front of it, and the driver, in the exercise of due care, does not have a reasonable opportunity to avoid the accident, then he cannot be held responsible. *Martin v. Rotunnio,* 311 Pa. 487, 167 A. 33 (1933).

In *Calloway v. Greenawalt,* 418 Pa. 349, 211 A. 2d 435 (1965), for example, the Court sustained a nonsuit where the driver of the automobile testified that he did not see a four year old child walk between two parked automobiles where there was testimony that the child had so walked off the sidewalk and out into the street. But in this case, as distinguishable from the instant case, there was testimony as to how the child arrived in the path of the defendant's vehicle. The Court, in *Calloway v. Greenawalt,* said that, "Contrary to plaintiffs' contentions, this is not the same situation as where a child is struck in the middle of the street, or where he can and should be seen if the driver had looked, and the automobile could and should have been stopped in time to avoid the accident."

This case before us is such a case that the Court in *Calloway v. Greenawalt* alludes to. There is no evidence that the three year old plaintiff darted or walked out between parked cars, or stepped on the sidewalk after some object, or was running across the street. The only evidence of the child's position was that given by the defendant Huhn. Huhn suggests only that the child may have darted out from the right side, but

that is merely conjecture since he did not see the child until he was about even with the right front of the truck.

Under the evidence the jury would have been justified in finding that the child continued to play in the street until he was run down by the truck. However, if he did run onto the street into the path of the truck, the jury could very well have charged the driver with neglect for inattention for not being able to say from whence he came and the manner of his doing so. In fact the type of panel truck driven by defendant Huhn, a Volkswagen truck, affords a driver uninterrupted vision of the roadway ahead as the driver of such a vehicle is positioned in front of the vehicle, directly above the roadway. This is evidence of negligence, *Calloway v. Greenawalt,* supra; *Zernell v. Miley,* supra. As stated in the case of *Zernell v. Miley,* the crucial question is whether the child *suddenly* came into the pathway of the truck and immediately in front of it, and the defendant Huhn, in the exercise of due care, did not have a reasonable opportunity to avoid the accident, or whether or not the minor plaintiff was in the roadway for a sufficient period of time before the accident that the defendant in the exercise of due care should have seen him and avoided the accident. Under the evidence the question of the defendant's negligence was clearly a factual one for determination by the jury.

We find no error in the action of the trial judge in excluding the statement of the other minor, Robert, made four hours after the accident.

Judgment of nonsuit reversed with a new trial awarded.

WRIGHT, P. J., WATKINS and HANNUM, JJ., would affirm on the opinion of WISSLER, P. J.