Cupelli, Appellant, *v.* Revtai.

Argued November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Alan Frank,* for appellant.

*Randall J. McConnell, Jr.,* with him *Dickie, Mc-Camey & Chilcote,* for appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

This suit arose as the result of an accident in which plaintiff's decedent, a six year old boy, was struck in

the street by a pickup truck operated by defendant-appellee. The boy was rendered unconscious by the impact and died nine days later, never having regained consciousness.

At the conclusion of appellant's case on liability, appellee's motion for a compulsory nonsuit was granted. Appellant's subsequent motion to remove the nonsuit was denied, and this appeal followed.

"A nonsuit should be entered only in a clear case, and, on appeal from the refusal to take off a compulsory nonsuit, the plaintiff must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of plaintiff." *Cushey v. Plunkard,* 413 Pa. 116, 117, 196 A. 2d 295, 296 (1964). Where a compulsory nonsuit is entered for lack of evidence to sustain the action, the evidence must be so clear that there is no room for fair and reasonable disagreement. *Lasek v. Jaroschak,* 192 Pa. Superior Ct. 350, 162 A. 2d 25 (1960).

Giving plaintiff the benefit of every reasonable inference that a jury might derive from the evidence and resolving all doubts in his favor, the facts are as follows: Appellee was driving his pickup truck on a two-way, two-lane street with a gradual downhill slope. The street is twenty to twenty-five feet wide. Proceeding downhill, there is a sidewalk about five feet wide on the right-hand side. Decedent, accompanied by his father (appellant) and younger brother, was walking on this sidewalk on his way home from school. There was no other traffic or anything which could have obstructed appellee's vision, and he had a clear view of the group from about 200 feet away.

Appellant indicated that he was holding his childrens' hands as they walked, but that at a point opposite their house the decedent started across the street. The father did not see appellee's truck prior to the accident.

Appellee's evidence indicated that he was proceeding in the middle of the right lane at approximately thirty-five miles per hour. He saw appellant and the two boys walking about one hundred feet ahead, and continued to glance at them as he drove. When the truck was ten to twenty feet away, the decedent ran out into the street. Appellee applied his brakes and swerved the width of a lane to the left to avoid the boy. The collision occurred somewhere near the middle of the street. Skid marks from the truck crossed over the center line into the left lane. When the truck came to rest it was thirty to fifty feet from the point of impact, and the wheels were on the left shoulder of the road.

In this case "the crucial question is whether the child *suddenly* came into the pathway of the truck and immediately in front of it, and [appellee], in the exercise of due care, did not have a reasonable opportunity to avoid the accident, or whether or not the minor plaintiff was in the roadway for a sufficient period of time before the accident that [appellee] in the exercise of due care should have seen him and avoided the accident." *Jones v. Spidle,* 213 Pa. Superior Ct. 81, 86, 245 A. 2d 677, 680 (1968).

Appellee testified that he saw decedent just as he broke away from his father and started across the street. At this time he was ten to twenty feet away and traveling thirty-five miles per hour. Decedent ran about ten feet before he was struck. Thus, according to appellee's testimony, decedent moved approximately the same distance in the same amount of time as a truck which was traveling thirty-five miles per hour.

This result creates a significant doubt as to whether appellee accurately described the distances involved. The inconsistencies in appellee's testimony were such that the jury could have concluded that his version of the accident was physically impossible. The evidence

was certainly not overwhelming or conclusive nor was it "so clear that there is no room for fair and reasonable disagreement." *Lasek v. Jaroschak,* supra. The jury should have been allowed to decide whether this was a case where "a child is struck in the middle of the street, or where he can and should be seen if the driver had looked, and the automobile could and should have been stopped in time to avoid the accident." *Calloway v. Greenawalt,* 418 Pa. 349, 352, 211 A. 2d 435, 437 (1965). Whether appellee in the exercise of due care could have avoided the accident clearly was a question for the jury. *Jones v. Spidle,* supra; *Schwegel v. Goldberg,* 209 Pa. Superior Ct. 280, 228 A. 2d 405 (1967).

The judgment of nonsuit is removed and the record remanded with a *procedendo.*