## Zechman, Appellant, v. Yerger.

Argued March 21, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Charles J. Romito,* with him *Stanley W. Katz,* and *Davis, Katz, Buzgon & Davis,* for appellant.

*James R. Koller,* with him *Siegrist, Koller & Siegrist,* for appellee.

OPINION BY PACKEL, J., June 15, 1972:

This case appeared to present a question as to whether contributory negligence of parents should bar recovery for the death of a child under the Survival Act. There was also a question of the viability of the rule that the contributory negligence of one spouse in properly supervising a young child can be attributed to the other spouse.

On reviewing the record, however, we have come to the conclusion that the plaintiff did not make out a case of negligence on the part of the defendant. The only eyewitness' testimony was that of the defendant, who had been called as of cross-examination. She testified that she was looking straight ahead, that she was travelling 15 to 20 miles per hour, that the child came from her right and from the back of a parked car, and that the impact as she first saw the child was with the right front of her car. Two other witnesses testified that at one time she said she was looking to the right at a little boy, and that at another time she said her

view was blocked by a pole. Although they contradicted her in these two respects, the contradictions themselves did not make out a case, especially as they placed defendant as looking in the direction from which the child came.

Although the court left the question of possible inattentiveness to the jury, we can see no valid basis for any reasonable inference of inattentiveness. In addition, as stated in *Zernell v. Milley*, 417 Pa. 17, 21, 208 A. 2d 264, 266 (1965), in order to demonstrate negligence in these cases: "The crucial question . . . is whether or not the minor plaintiff was in the roadway for a sufficient period of time before the accident that the defendant, in the exercise of due care, should have seen him and avoided the accident." Accordingly, the position of the appellee that there was no negligence is correct. We, therefore, do not reach the issue of the effect of the alleged contributory negligence.

Order affirmed.

HOFFMAN, J., dissents.