McAuliffe et al., Appellants, *v.* Constantine.

Argued April 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*George A. Conti,* for appellants.

*Patrick R. Riley,* with him *Costello & Berk,* for appellee.

OPINION BY JACOBS, J., June 21, 1974:

The minor plaintiff in this suit, John Wayne Mc-Auliffe, was struck by the defendant's automobile while

he was attempting to cross the street in front of his house. At the conclusion of the plaintiff's case, the trial judge granted the defendant's motion for compulsory nonsuit. The lower court en banc denied plaintiff's motion to take off the nonsuit and this appeal followed. Since we believe it is possible for a jury to reasonably infer from the facts presented in the plaintiff's case that the defendant was guilty of negligence, we reverse.

The rule governing the removal of a nonsuit on appeal has been clearly defined: "A nonsuit should be entered only in a clear case, and, on appeal from the refusal to take off a compulsory nonsuit, the plaintiff must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of plaintiff." *Cupelli v. Revtai*, 218 Pa. Superior Ct. 277, 279, 275 A.2d 673, 674 (1971), *quoting Cushey v. Plunkard*, 413 Pa. 116, 117, 196 A.2d 295, 296 (1964). If a nonsuit is entered due to lack of evidence to sustain the action, the lack of evidence must be so clear that it admits no room for fair and reasonable disagreement. *Lasek v. Jaroschak*, 192 Pa. Superior Ct. 350, 162 A.2d 25 (1960).

Reviewing the testimony presented by the plaintiff with these principles in mind, the following series of events is disclosed. At approximately 5:50 p.m. on March 11, 1966, John Wayne McAuliffe, then 7 years old, obtained some money from his mother to buy some cookies from a store which was a short distance away from his home on the opposite side of the street. In crossing from the east to the west side of the two-lane street, he was struck by defendant-appellee's car as she was driving in a southerly direction at about 25 miles per hour. At the point where John was hit, the paved street is between 19 and 22 feet wide and the east berm in front of the appellant's house is 24 feet wide. No cars were parked in front of the house. Although the

boy had already crossed an entire lane of traffic before he was hit, the appellee testified that she did not see him until he was immediately in front of her car. She further testified that he was struck with the right bumper as he was moving from her left to her right. There were no other witnesses to the accident. The boy's body was found about 1 foot from the west berm, which he was attempting to reach, directly opposite his house.

The testimony indicated that although it was late afternoon on a dismal day, it was not dark enough to require headlights. There was no other traffic on the road.

The driver of an automobile on a public highway is guilty of negligence if he, in the exercise of due care, fails to control his vehicle in such a way as to avoid striking and injuring a child who is in a place of danger for a sufficient amount of time for the driver to observe him and bring his vehicle under control. *Geiger v. Schneyer*, 398 Pa. 69, 157 A.2d 56 (1959); *Jones v. Spidle*, 213 Pa. Superior Ct. 81, 245 A.2d 677 (1968). If the child should come suddenly into the path of the moving automobile so that an attentive driver who is exercising due care under the circumstances cannot in all reason avoid colliding with the child, the driver is not liable for the damages resulting. In other words, it is necessary for the evidence in the plaintiff's case to establish that the child was visible to the driver for a sufficient length of time to give her a reasonable opportunity to avoid the accident. *Cupelli v. Revtai*, supra; *Jones v. Spidle*, supra.

In determining negligence, the jury must base its finding on the facts presented in evidence. The jury may not be permitted to reach a verdict based on speculation or conjecture. This does not mean, however, that the jury cannot in considering the facts draw reasonable inferences therefrom with the help of the jurors'

own knowledge and experience. Such a function is the essence of the jury trial. Nor does it mean that the facts and circumstances presented by the plaintiff must lead only to a single logical conclusion or point unerringly to the liability of the defendant. It is enough that there be sufficient evidence justifying a jury in finding liability, without resort to guesswork, within the limits of reason. *Jones v. Treegoob,* 433 Pa. 225, 249 A.2d 352 (1969).

In the present case there is evidence indicating that 7-year-old John Wayne McAuliffe had just left his home with the plan to cross the street. He was first seen by the defendant when he was in front of her car. He was moving from her left to her right and he was struck by the right front bumper of her car. The defendant's car was traveling at a slow rate of speed in the right lane of a two-lane highway. Admittedly, there were no eyewitnesses to testify as to the angle at which the boy approached the point of impact or at what speed he himself was traveling, but neither is there any explanation why, with an unobstructed view of the entire highway and at the rate of 25 miles per hour, the defendant failed to see where the child came from or his manner of coming. This is evidence of negligence. *Moore v. Zimmerman,* 221 Pa. Superior Ct. 359, 292 A.2d 458 (1972) ; *Jones v. Spidle,* supra.

The essential question in this case is whether the child came so suddenly into the immediate path of the car that the driver had no reasonable opportunity in the exercise of due care to avoid the accident, or whether the child was visible on the road for a sufficient length of time to be observed and, in the exercise of due care, avoided. Under the evidence, the jury could reasonably conclude that the child was traveling from the left to the right side of the road, from his home to the opposite side of the street, when he was run down by the defendant's car in the middle of the right-hand

lane. The jury could well have found the driver negligently inattentive for failing to see the minor plaintiff before the virtual moment of impact. The question of negligence in this instance is clearly a factual one for the jury to determine. *See Auel v. White,* 389 Pa. 208, 132 A.2d 350 (1957). *Cupelli v. Revtai,* supra; *Jones v. Spidle,* supra; *Schwegel v. Goldberg,* 209 Pa. Superior Ct. 280, 228 A.2d 405 (1967).

Judgment reversed and a new trial granted.