Chambers, et al., *v.* Street Road Shopping Center, Inc., Appellant.

Argued March 20, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Edwin B. Barnett,* with him *Charles T. McIlhinney,* and *Strong, Barnett, Hayes & Quinn,* for appellant.

*Robert F. Ruehl,* with him *Power, Bowen & Valimont,* for appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

Appellant ("Street Road") contends that a compulsory nonsuit and/or a judgment n.o.v. should have been granted, where the appellee (the trustee in bankruptcy of the electrical subcontractor who performed the work in question) received a jury verdict in the amount of $29,847.00.

Elbee, an electrical contractor, filed a mechanics' lien on November 20, 1967 for $68,093.36 against the appellant for electrical work, and materials furnished and supplied for work done on the Bucks County Mall in Feasterville, Pennsylvania. The appellee alleged that the said materials and services were furnished at the request and upon the order of the appellant between December 1965 and July 1967. When the action was initiated by the mechanics' lien in November, 1967 it received an identifying number of No. 44, December Term, 1967. In January 1968, the appellee filed a Complaint in Assumpsit demanding judgment against the appellant in the amount of $68,093.36 less a credit of $26,811.25 for a final sum of $41,282.11. Although this Complaint in Assumpsit received a different court number (No. 569, January Term, 1968) than the mechanics'

lien involving the same claim, they were merged for trial. Preliminary objections to the claim were dismissed by the court on February 6, 1970. On September 23, 1971, a motion for a compulsory nonsuit was filed by the attorney for the appellant. This motion was denied. On September 30, 1971, the jury returned a verdict in the appellee's favor for $29,847.00.

The record reveals that on October 4th and October 8, 1971, the appellant filed motions for new trial. On March 12, 1973, appellant advanced 32 new reasons for a new trial. Appellant, however, never moved for a judgment n.o.v., never mentioned it in his brief in support of its motion for a new trial, and did not present such a motion at oral argument.

The Act of 1905 (as amended June 1971), 12 P.S. §681, dealing with judgments non obstante veredicto requires that the movant must timely file for same. Here, the appellant by failure to move for a judgment n.o.v. has waived his right.

Appellant's other contention is that a compulsory nonsuit should have been granted because the appellee failed to support its claim for payment on the original contract and extras by competent evidence.

Our Court reaffirmed the law pertaining to nonsuits in *Cupelli v. Revtai*, 218 Pa. Superior Ct. 277, 279, 275 A. 2d 673 (1971): "A nonsuit should be entered only in a clear case, . . . the plaintiff must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of the plaintiff. . . . Where a compulsory nonsuit is entered for lack of evidence to sustain the action, the evidence must be so clear that there is no room for fair and reasonable disagreement." Here the record indicates that there is certainly "room for fair and reasonable disagreement." The appellee's production of the contract, and testimony that work was done at the site, including the testimony that an

oral agreement as to extras was also agreed to by the appellant and the fact that this additional work was done, was sufficient to take this case to the jury.

The judgment of the lower court is affirmed.