Piccolo, Appellant, *v*. Weisenberger.

Argued September 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Daniel E. Cohen,* with him *Seidel and Cohen,* for appellant.

*Jackson M. Sigmon,* with him *Sigmon, Littner & Ross,* for appellee.

OPINION BY JACOBS, J., December 1, 1975:

The appellant, Salvatore Piccolo, is the father of Maurice Piccolo, who was not quite three years old on October 16, 1971, when he was struck and seriously and permanently injured by a car driven by James F. Weisenberger. He now appeals from the refusal of the court below to remove a compulsory nonsuit entered against appellant at the conclusion of his case on liability alone. Because the appellant failed to prove facts establishing the negligence of the driver, we must affirm the lower court.

A compulsory nonsuit may be entered only when the lack of evidence to sustain the action is so clear that there is no room for reasonable disagreement, *McAuliffe v. Constantine,* 228 Pa. Superior Ct. 52, 323 A.2d 158 (1974), and on appeal from the refusal to take off the nonsuit, the evidence, and all reasonable inferences therefrom, must be viewed in the light most favorable to the plaintiff. *Berry v. Lintner,* 226 Pa. Superior Ct. 562, 323 A.2d 253 (1974); *McNett v. Briggs,* 217 Pa. Superior Ct. 322, 272 A.2d 202 (1970). Having reviewed the record and resolved all conflicts in favor of the plaintiff, the following facts are disclosed. On the day of the accident, James Weisenberger was driving his car west on Butler Street, a two way road within the city of Easton, having

two lanes for travel and allowing for parking on each side. Maurice Piccolo, a child of almost three years, was standing on the sidewalk bordering the north side of Butler Street with some other young children. A number of parked cars lined the north side of Butler Street, and although there were spaces large enough to allow additional parking along that side, Maurice was standing with a parked car between himself and the road. Appellant and Maurice's mother were standing at their own parked car on the south side of the street. According to the unrefuted testimony of the eyewitness to the accident, the child suddenly darted out from between two cars into the street and into the path of James Weisenberger's oncoming car. The car at the time was traveling between 20 and 25 miles per hour. The child was struck by the left front of the vehicle, thrown into the air, and came to rest in the opposite lane. The driver testified that he did not see the child until he suddenly appeared in front of the car.

The controlling law in this type of case is clear. "The driver of an automobile on a public highway is guilty of negligence if he, in the exercise of due care, fails to control his vehicle in such a way as to avoid striking and injuring a child who is in a place of danger for a sufficient amount of time for the driver to observe him and bring his vehicle under control. *Geiger v. Schneyer*, 398 Pa. 69, 157 A.2d 56 (1959); *Jones v. Spidle*, 213 Pa. Superior Ct. 81, 245 A.2d 677 (1968). If the child should come suddenly into the path of the moving automobile so that an attentive driver who is exercising due care under the circumstances cannot in all reason avoid colliding with the child, the driver is not liable for the damages resulting. In other words, it is necessary for the evidence in the plaintiff's case to establish that the child was visible to the driver for a sufficient length of time to give [him] a reasonable opportunity to avoid the accident." *McAuliffe v. Constantine,* supra at 55, 323 A.2d at 159.

The appellant has cited numerous cases to us in which the nonsuit was removed on appeal. In all of those cases some evidence was introduced by the plaintiff giving rise to a reasonable inference that the child's presence in the street was obvious for a long enough period to avoid a collision. Thus, in *Cupelli v. Revtai,* 218 Pa. Superior Ct. 277, 275 A.2d 673 (1971) the child was visible for some time at the side of the road, and the defendant's version of the accident, that the child suddenly came into his path, was refuted by the physical facts. In *Zernell v. Miley,* 417 Pa. 17, 208 A.2d 264 (1965), a ball bounced across the street followed by a child who had time to get down on his hands and knees before being struck by the defendant, indicating a significant lapse of time. *See also Schwegel v. Goldberg,* 209 Pa. Superior Ct. 280, 228 A.2d 405, *allocatur refused,* 209 Pa. Superior Ct. *xxxix* (1967). In *McAuliffe v. Constantine,* supra, and *Jones v. Spidle,* 213 Pa. Superior Ct. 81, 245 A.2d 677 (1968) the driver was unable to say where the child had come from, despite an unobstructed view of the street, indicating inattentiveness.

In the present case, the child was described by the only eyewitness, who was called by the appellant, as having darted out between two parked cars into the path of the defendant's automobile. In an attempt to show that the child would have been visible to the driver had he looked, the appellant introduced evidence of an empty parking space between the cars parked along the north side of Butler Street. However, no evidence was presented to prove that the child ran into the street from the empty space. Rather, the evidence directly supports the defendant's contention that the child entered the street from between two closely parked cars. In this circumstance, we must agree with the court below that the appellant failed to show any negligence on the part of the defendant. *Flagiello v. Crilly,* 409 Pa. 389, 187 A.2d 289 (1963). As the Supreme Court stated in *Calloway v. Greenawalt,*

418 Pa. 349, 352, 211 A.2d 435, 437 (1965), "this is not the same situation as where a child is struck in the middle of the street, or where he can and should be seen if the driver had looked, and the automobile could and should have been stopped in time to avoid the accident."

Order affirmed.