449 A.2d 755

**Judy FAMA, Appellant,**

v.

**Irvin SMITH**

v.

**Judy FAMA.**

Superior Court of Pennsylvania.

Argued March 8, 1982.

Filed May 28, 1982.

Reargument Denied Aug. 24, 1982.

Petition for Allowance of Appeal
Denied Oct. 15, 1982.

Gary T. Harris, Williamsport, for appellant.

Ambrose R. Campana, Williamsport, for appellee.

Before CAVANAUGH, WICKERSHAM and CIRILLO, JJ.

CIRILLO, Judge:

This action in trespass arises out of injuries that Judy Fama/appellant/minor plaintiff suffered when she was struck by a vehicle driven by Irvin Smith/appellee/defendant. The jury returned a verdict for appellee.[1] Appellant's motions for a new trial or judgment notwithstanding the verdict were denied. Appellant filed this appeal arguing solely that the court's charge to the jury was in error. We agree and order a new trial.

1. An additional defendant/Judy Fama, appellant's mother, also received a verdict in her favor. The propriety of this verdict was not raised in this appeal and therefore is not before this court.

The relevant facts are as follows: The accident occurred on a four-lane, divided limited-access highway. Appellant lived with her family in a mobile home park near this highway. Appellant was six years of age at the time of the accident and her companion was a 9 or 10 year old girl. The two had passed under the highway through a conduit. They climbed the embankment, stepped over the guardrail and began to cross the highway. The appellee testified that as he rounded a slight curve on his motorcycle, he saw two girls climbing the embankment to his right about a quarter of a mile away. Appellee stated that the two girls seemed to be looking at him as they stepped over the guardrail.

The girls began to cross the highway, entered the right-hand lane and stopped in approximately the middle of that lane, at a point 500 feet away from the appellee. A pickup truck which was travelling about 200 feet in front of appellee, pulled into the passing lane and appellee followed. Appellee had been proceeding at about 55 miles per hour, upon seeing the girls he slowed to 40 or 45 miles per hour. He did not reduce his speed below 40 miles per hour. After the pickup truck passed the girls, and as the appellee approached, the younger girl ran into his path and impact occurred. Appellee testified that he did not consider stopping because the children were standing still and the eldest child was watching the traffic.

Initially, we note that the denial of a new trial is within the sound discretion of the trial court and will not be reversed absent a palpable abuse of discretion or a plain error of controlling law. *Benkovitz v. Urban Redevelopment Auth. of City of Pittsburgh*, 56 Pa.Commw. 523, 425 A.2d 1178 (1981). Appellant's assignment of error is that the court erred in not applying the controlling law in its charge to the jury. It is settled that although the grant or refusal of a new trial is a matter within the sound discretion of the trial court, reversal is required where the jury has been improperly instructed. *National Products Co., Inc. v. Atlas Financial Corp.*, 238 Pa.Super. 152, 364 A.2d 730 (1975).

The lower court charged the jury generally upon negligence and ordinary care and then more specifically as follows:

Generally speaking, a driver is not required to anticipate a sudden and unsuspected dash into the path of his car by a child. *However, if there are circumstances which give the operator reason to apprehend that a child might run into a place of danger of injury by a motor vehicle, then there is a duty imposed upon the operator to exercise a higher degree of care than under ordinary circumstances.* This is so because young children are known to act upon immature judgment, childish instincts and impulses. And others who are chargeable with the duty of care toward them must calculate upon this and take precautions accordingly. In this regard, the younger the child, the less mature judgment can be expected, and correspondingly, the higher degree of care is required of those chargeable with the duty of care who have reason to apprehend that the child might put himself or herself in a position of danger. It is for you the jury to assess, based on all the circumstances in a case, what degree of care was required of the defendant, Mr. Smith, in this case at the time and place in question, and whether he met that burden of care. (emphasis added)

Appellant's assignment of error is that the trial court did not apply the controlling law in Pennsylvania, in its charge to the jury, concerning the striking of a child on a highway. Appellant asserts that the charge should have included the following instructions:

The driver of an automobile on a public highway is guilty of negligence if he, in the exercise of due care, fails to control his vehicle in such a way as to avoid striking and injuring a child who is in a place of danger for a sufficient amount of time for the driver to observe him and bring his vehicle under control.

If a child is in a place of danger on a public highway for a sufficient time for the driver of an automobile (or motor vehicle) in the exercise of due care to see him and stop his

car, or otherwise avoid hitting him, the driver is guilty of negligence if he fails to do so.

The applicable law in Pennsylvania, concerning the striking of a child on a highway, was recently noted in *Piccolo v. Weisenberger*, 237 Pa.Super. 218, 352 A.2d 116 (1975) as follows:

> The controlling law on this type of case is clear. The driver of an automobile in a public highway is guilty of negligence if he in the exercise of due care fails to control his vehicle in such a way as to avoid striking and injurying (sic) a child who is in a place of danger (or where there is a reasonable apprehension that a child might run into a place of danger) for a sufficient amount of time for the driver to observe him and bring his vehicle under control. *Geiger v. Schneyer*, 398 Pa. 69, 157 A.2d 56 (1969) [*Linder v. Friedel*, 414 Pa. 436, 200 A.2d 771 (1964)]; *Jones v. Spidle*, 213 Pa.Super.Ct. 81, 245 A.2d 677 (1968). If the child should come suddenly into the path of the moving automobile so that an attentive driver who is exercising due care under the circumstances cannot in all reason avoid colliding with the child, the driver is not liable for the damages resulting. In other words, it is necessary for the evidence in the plaintiff's case to establish that the child was visible to the driver for a sufficient length of time to give him a reasonable opportunity to avoid the accident. *McAuliffe v. Constantine*, 228 Pa.Super.Ct. [52 at] 55, 323 A.2d [158 at] 159 (1974).

In *Berk v. LeQuin*, 412 Pa. 88, 194 A.2d 136 (1963), the Supreme Court of Pennsylvania stated:

> If the child was in view of the motorist a sufficient period of time for the motorist to stop to avoid a collision, he had the duty to do so and that, the failure to fulfill that duty, would spell out negligence.

The *Berks* court went on to cite the law as previously stated in *Derr v. Rich*, 331 Pa. 502, 505, 200 A. 599, 600 (1938):

> The sole question in this case is whether the evidence indicates that the child was in the highway such a length

of time before the accident occurred that the defendant in the exercise of due care should have seen him and avoided the accident. If this be true, then the rule does not here apply that drivers of automobiles are not required to anticipate that a child will suddenly run from a place of safety into the path of oncoming vehicles.

It is settled that when the jury charge requested is sufficiently or adequately covered by other instructions, the trial court commits no reversible error in declining to read to the jury a specific point for charge. *Buchecker v. Reading Co.*, 271 Pa.Super. 35, 412 A.2d 147 (1979). Yet, where a charge is generally accurate, but misleads the jurors on a critical issue, a new trial should be granted. *See Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978). When the accuracy of a jury charge is in issue, an appellate court must look to the charge in its entirety against the background of the evidence in order to determine whether error was committed and, if so, whether that error was prejudicial to the complaining party. *Smith v. Chardak*, 291 Pa.Super. 173, 435 A.2d 624 (1981); *Slavish v. Ratajczak*, 277 Pa.Super. 272, 419 A.2d 767 (1980).

Applying the above law, we find that although the charge in the instant case was generally accurate, it is misleading. The instruction merely stated that if the driver reasonably apprehended that the child might run into a place of danger, then the driver was under a duty to exercise a higher degree of care than under ordinary circumstances. This charge did not adequately apprise the jury of what the higher degree of care would entail.

The lower court should have directed the jury to first determine whether appellant was in a place of danger or whether she was in a place of safety where there was a reasonable apprehension that she might run into a place of danger.[2] The jury should have then been instructed that if

2. The instruction only addressed whether the driver reasonably apprehended that appellant might run into a place of danger. Nothing was said about the appellant being in a place of danger at the time the driver observed her on the highway.

they found appellant was in either place, the next question to be resolved would be whether the evidence indicated that appellant was in that place for a sufficient amount of time for the driver to observe her and, in the exercise of due care, bring his vehicle under control, so as to avoid striking or injuring the child.

In order to rectify the error committed, in the instructions given to the jury, we reverse the order of the lower court and remand for a new trial. Jurisdiction is not retained.