**Gabriel ORTIZ et al.**

v.

**Warner M. DEPUY et al.**

**Civ. A. No. 70–478.**

United States District Court,
E. D. Pennsylvania.

June 1, 1970.

Elliot B. Platt, Philadelphia, Pa., for plaintiffs.

Robert Baer Cohen, Sp. Asst. Atty. Gen., Dept. of Justice, Harrisburg, Pa., for defendants.

### OPINION AND ORDER

WOOD, District Judge.

This is a motion for an order declaring that this case may be maintained as a class action pursuant to Rule 23(c) (1), and for us to certify the case to the Chief Judge of this Circuit for appointment of a three-judge court pursuant to Title 28 U.S.C. § 2284(1). Plaintiff in this action, brought pursuant to Title 42 U.S.C. § 1983, challenges the constitutionality of Section 1404 of the Pennsylvania Motor Vehicle Code, 75 P.S. § 1404, which provides in essence that if within 20 days of an automobile accident where damages to person or property exceed one hundred dollars, any party does not have on file a release or evidence of an insurance policy or any assurance that he can satisfy a judgment entered against him in connection with the accident, the Secretary of Revenue shall determine the amount of security sufficient to meet any such judgment, and if such a bond is not posted, that party's license shall be suspended.

Plaintiff Gabriel Ortiz is a duly licensed driver under Pennsylvania law. On May 15, 1970, he was involved in an automobile accident, as a result of which a suit against him is currently pending in the Philadelphia Common Pleas Court, Gross v. Ortiz, December Term, 1969, No. 150. Ortiz denies that he was at fault in causing the accident. Because Ortiz had not filed a release, evidence of an insurance policy, or any other assurance that he will be able to meet any judgment against him in connection with the accident, the Secretary acting pursuant to § 1404 suspended Ortiz's license effective February 16, 1970. Following the institution of this suit, the parties stipulated on February 17 that the defendants would take no action pursuant to 75 P.S. § 1404 suspending Ortiz's operator's license or vehicle ownership privileges pending resolution of this case.

Plaintiff contends that the suspension of his license pursuant to § 1404 denies him his rights under the Fourteenth Amendment in at least three respects: that failure to provide a hearing before suspension of his license is a denial of due process of law; that application of the bond requirement to potentially non-culpable as well as potentially culpable drivers is a denial of equal protection, and that § 1404 is not a legitimate exercise of the police power and therefore is a denial of due process of law. They request this Court to issue temporary and permanent injunctions enjoining the operation, enforcement, and execution of § 1404.

When a complaint for an injunction makes a claim of unconstitutionality which on its face would require a court of three judges, the single district judge should consider whether the claim is substantial and, if he finds it is not, refuse to convoke a court of three judges and dismiss the action. Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). A substantial federal constitutional issue is not present if the questions raised are "obviously without merit" or the unsoundness of the plaintiff's complaint is clearly apparent from previous decisions. Utica Mutual Insurance Co. v. Vincent, 375 F.2d 129 (2nd Cir. 1967); Ex Parte Poresky, *supra*; see also Miller v. Smith, 236 F.Supp. 927 (D.C.1965), motion for leave to file writ of mandamus denied, Miller v. Biggs, 382 U.S. 805, 86 S.Ct. 92, 15 L.Ed.2d 113 (1965).

Under these standards, we conclude that the instant complaint fails to set forth a substantial federal constitutional issue and that therefore plaintiff's motion for a three-judge court must be denied and the complaint dismissed. In Ex Parte Poresky, *supra*, the Supreme Court held that a challenge on Fourteenth Amendment grounds to a Massachusetts statute requiring that prior to being issued an automobile license an applicant must "first post either bond or cash of $5,000, or procure

**158**

insurance" did not present a substantial federal constitutional question and did not require a three-judge court. We conclude that the state may require a bond or insurance as a condition of registration, and it can require that a motor vehicle operator either have insurance or satisfy some other alternative, such as the posting of a bond in the event of an accident. We cannot find any indication that the court's conclusion in *Poresky* has been diminished in any respect by subsequent decisions. Recently, in Perez v. Tynan, 307 F.Supp. 1235 (D.C.1969), the court was confronted with a request for a three-judge court in a case which challenged a Connecticut statute similar to the one involved here on the same grounds which the statute here involved is challenged. After a full consideration of the plaintiff's claims there, Judge Clarie denied the motion for a three-judge court and dismissed the action. Since we are in full accord with his opinion which cites ample authority for his conclusions, we see no purpose in retracing his footsteps here.