## Commonwealth v. Kuntz

*James A. Wimmer,* for appellant.
*Patrick J. Lavelle, Special Assistant Attorney General,* for Commonwealth.

HEIMBACH, *P. J.,* November 18, 1974—Defendant appeals from the suspension of her operating privileges by the Secretary of Transportation, for failure to post security in the amount of $1,600 as a result of an accident. She says the action of the secretary denies her due process and is not constitutionally permitted. She rests on the record in support of her contention. The secretary proceeded under section 1404 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 PS § 1404. A departmental hearing was had before a representative (examiner) of the department. Admitted into the record by agreement is the hearing abstract and summary prepared by the examiner, from which we now quote:

*Statement of defendant*

"I pulled out from curb, went about 100 feet, there was another vehicle, facing opposite direction, double parked. My vehicle alongside of her vehicle, when a little boy darted from behind her vehicle, right in front of my vehicle. I was unable to stop, and struck little boy. I was traveling about 15 m.p.h. The left front on my vehicle struck the boy."

*Interviewer's evaluation and recommendation*

"I do not believe there is a reasonable possibility of a judgment arising." Citing Wolf v. Needleman, 421 Pa. 113, 218 A. 2d 321; Zechman v. Yerger, 221 Pa. Superior Ct. 300; Graham et al. v. Sieger, 196 Pa. Superior Ct. 622; Krywucki et al. v. Trommer, 199 Pa. Superior Ct. 145."

*Statement of investigating officer (police)*

"Mrs. Stuckley, Paul's mother, was facing south North 2nd St. She had stopped her car in the south-bound lane of traffic and Paul got out of the car on its right side. Paul went around the rear of his mother's car with the intentions of crossing the street to the opposite curb.

"Operator no. 1 pulled away from the curb on the east side of the street and began to drive north on North 2nd St. It is evident that Paul darted out in front of operator no. 1's vehicle. Operator no. 1 stated that she did not see the boy until immediately before she hit him and could not possibly stop in time to avoid it."

*Action taken by department*

"Suspension 10-16-74

"Suspension until post security or furnish release from other party

"Failure to post security as a result of accident that occurred on January 26, 1974."

## DISCUSSION

It is settled law in Pennsylvania that the safety responsibility provision of The Vehicle Code providing for the suspension of operating privileges for failure to post security is based upon the purpose of

punishing negligent drivers: Commonwealth v. Roeting, Jr., 7 Pa. Commonwealth Ct. 317, 320, and any suspension order must be preceded by a hearing to determine whether there was a reasonable possibility that the licensee was liable for the claim: Bell v. Burson, 402 U.S. 535 (1971); Miller v. Depuy, 307 F. Supp. 166, 170 (E.D. Pa. 1969); Commonwealth v. Roeting, Jr., supra; Ortiz v. Depuy, 313 F. Supp. 156 (E.D. Pa. 1970), remanded 444 F. 2d 429 (3d Cir. 1971). The footnote appended to Commonwealth v. Roeting, Jr., supra, 323, succinctly states the principle of law enunciated in its opinion; the rationale of the statement obviously is applicable to section 1404:

"We do not share the fear of the Commonwealth that negligent drivers will be able to avoid the intent of section 1413 by signing judgment notes, with confession of judgment clauses. We have not granted these drivers immunity from provisions such as section 1413. We have held merely that the constitution requires the secretary to have before him sufficient evidence relating to the accident to determine that there is a reasonable possibility that the debtor was liable because of his negligent driving."

Counsel for the department argues the order of the secretary is tantamount to a finding that there was a reasonable possibility the defendant was liable for damages. In so arguing he overlooks the requirement that such finding must be based upon sufficient evidence. Here the evidence is otherwise and justifies the opinion of the secretary's representative that there is not a reasonable possibility of a judgment being entered against her.

Wherefore, we enter the following

## ORDER

Now, November 18, 1974, the appeal of Brenda Joyce Kuntz from the Secretary of Transportation's suspension order under section 1404 of the safety responsibility provision of The Vehicle Code is sustained, and such suspension order is vacated.

Costs on appellant.