Allen et vir, Appellants, *v.* Leshner.

*William Morrow,* with him *Irwin Rosenzweig,* and *Karabel, Rosenzweig, Abowitz & Morrow,* for appellants.

*Edward R. Paul,* with him *Joseph G. Manta,* and *LaBrum and Doak,* for appellees.

OPINION BY JACOBS, J., June 14, 1973:

At issue in this case is the vicarious liability in tort of an employer of persons not covered by The Pennsylvania Workmen's Compensation Act[1] for injury and property damage suffered by an employee due to the negligence of another employee. Specifically, the question is whether an employer of a live-in nursing companion is free, as a matter of law under the fellow servant rule, from liability for loss incurred by the companion in an attempt to rescue goods of the employer on his premises endangered by the negligence of the companion's vacation substitute, at a time two hours prior to the scheduled end of the companion's vacation and the termination of the substitute's employment.

The lower court resolved the question in favor of the employer-defendants in this case, and granted a compulsory nonsuit against the injured companion and her husband, who are plaintiffs, under the fellow servant rule. This rule provides that a master is not to be held liable for an injury to a servant caused solely by the negligence of a fellow servant. *See Ryan v. Cumberland Valley R.R.,* 23 Pa. 384 (1854). Following the court's refusal to remove the nonsuit and its entry of judgment for the defendants, the plaintiffs appealed. We reverse.[2]

On appeal from a refusal to take off a compulsory nonsuit, the plaintiff must be given the benefit of all

---

[1] 77 P.S. §1 *et seq. See* note 5 infra.

[2] On this appeal, the contention of the plaintiffs that the defendants waived the fellow servant rule as a defense, under Pa. R. C. P. No. 1032, by failing to plead it under Pa. R. C. P. No. 1030 will not be considered. The issue was not raised in the court below. *See Steffy v. Carson,* 422 Pa. 548, 222 A.2d 894 (1966).

favorable testimony; every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of the plaintiff. *Miller v. McMinn's Indus., Inc.,* 410 Pa. 234, 188 A.2d 738 (1963); *Robinson v. Raab,* 216 Pa. Superior Ct. 397, 268 A.2d 225 (1970). Viewed in this manner, the facts are as follows: Plaintiff Edna Allen was employed by the defendants in 1964 as a live-in nursing companion for their bedridden mother. In August of 1965, Mrs. Allen was given a week's vacation and the defendants hired a replacement for the duration. On August 17, 1965, Mrs. Allen returned to the defendants' home at 11:00 a.m., two hours prior to the scheduled end of her vacation. She greeted her replacement, who was ironing in the basement, went upstairs to visit the defendants' mother for a moment, and then went downstairs for some drinking water. She was returning with water for the mother when she smelled smoke. Mrs. Allen testified: ". . . I saw smoke coming from the basement. . . . I ran down. . . . It was full of smoke and it was hard to tell what was what. I saw the smoke and grabbed the clothes off the line and threw them in the wash tubs there. In the mean time I saw this glob of fire there and I said oh, the iron and I went to pull the socket." In reaching up with her right hand to pull the iron's plug from a ceiling socket, Mrs. Allen inadvertently touched the iron with her left hand. Her wedding ring was destroyed and her hand burned. Mrs. Allen's replacement, who plaintiffs theorize had failed to turn the iron off after using it, was not in the basement when the incident occurred.

On appeal, plaintiffs contend that the lower court erred in granting a compulsory nonsuit on ground of the fellow servant rule.

The rule which precludes liability on the part of a master for loss to a servant due solely to the negligence of a fellow servant was first suggested in the English

case of *Priestley v. Fowler*, 150 Eng. Rep. 1030 (Ex. 1837). *See* 53 Am. Jur. 2d *Master and Servant* §296 (1970); W. Prosser, The Law of Torts §80 (4th ed. 1971). It was adopted in Pennsylvania in 1854 in *Ryan v. Cumberland Valley Railroad Co.*, 23 Pa. 384 (1854). The doctrine, which has been viewed as imposing a hardship upon labor,[3] has been abridged in some way by most jurisdictions which employ it,[4] including Pennsylvania.[5]

---

[3] *See* W. Prosser, The Law of Torts §80 (4th ed. 1971).

[4] *See* 53 Am. Jur. 2d *Master and Servant* §§295, 301 (1970).

[5] The Pennsylvania legislature has made the defense of a fellow servant's negligence inapplicable in a number of specific instances. "In all actions brought to recover from an employer for injury suffered by his employe, the negligence of a fellow-servant of the employe shall not be a defense, where the injury was caused or contributed to by any of the following causes; namely,—Any defect in the works, plant, or machinery, of which the employer could have had knowledge by the exercise of ordinary care; the neglect of any person engaged as superintendent, manager, foreman, or any other person in charge or control of the works, plant, or machinery; the negligence of any person in charge of or directing the particular work in which the employe was engaged at the time of the injury or death; the negligence of any person to whose orders the employe was bound to conform, and did conform, and, by reason of his having conformed thereto, the injury or death resulted; the act of any fellow-servant, done in obedience to the rules, instructions, or orders given by the employer, or any other person who has authority to direct the doing of said act." Act of June 10, 1907, P. L. 523, §1, 43 P.S. §171.

The legislature has also abolished the defense in all cases under The Pennsylvania Workmen's Compensation Act. "In any action brought to recover damages for personal injury to an employe in the course of his employment, or for death resulting from such injury, it shall not be a defense—(a) That the injury was caused in whole or in part by the negligence of a fellow employe . . . ." Act of June 21, 1939, P. L. 520, §1, 77 P.S. §41.

Under the Act of June 21, 1939, P. L. 565, §1, 77 P.S. §1a, The Pennsylvania Workmen's Compensation Act is not applicable, absent election by the employer and approval by the Workmen's Compensation Board, to a person engaged in domestic service. Neither

Several reasons have been assigned for the rule. Justice MERCUR, later Chief Justice, writing for the Court in *Lehigh Valley Coal Co. v. Jones,* 86 Pa. 432, 439 (1878), stated: "The true reason upon which, I think, this rule rests is, that each one who enters the service of another, takes on himself all the ordinary risks of the employment in which he engages, and that the negligent acts of his fellow-workmen, in the general course of his employment, are within the ordinary risks." *See also New York, Lake Erie & Western R.R. v. Bell,* 112 Pa. 400, 4 A. 50 (1886). Among the additional reasons which have been suggested are that a servant is in as good a position as his employer to evaluate his fellow-servants' deficiencies and to guard against their dangers; that the restriction of liability to the negligent servant encourages fellow servants to promote each other's carefulness; that common law courts once had a highly individualistic viewpoint; and that the freeing of an employer from liability encourages industrial undertakings. *See* W. Prosser, The Law of Torts §80 (4th ed. 1971).

It is obvious that the rule is more consistent or less consistent with most of the reasons stated above depending upon the definitions of "servant" and "fellow servant." As more inclusive definitions are applied, the rationales of the injured party's assumption of the risk, his ability to guard against the negligence in question, and his promoting of others' safety become less persuasive.[6]

---

party contends in the present case that the act is applicable to the injured plaintiff.

[6] A "servant," therefore, for purposes of the rule, has been held to not include an employee who has gone off duty for the day and is injured through the negligence of another employee in front of the employer's premises. *Baird v. Pettit,* 70 Pa. 477 (1872). In view of our disposition of this case, it is unnecessary to consider wheth-

A "fellow servant" has been defined as one "in the employment of the same master, engaged in the same common work, and performing duties and services for the same general purposes." *Lehigh Valley Coal Co. v. Jones*, 86 Pa. 432, 439 (1878). Implicit in the definition is the requirement that fellow servants be "so related in their labor that they are regularly or are likely to be in proximity to each other, or [that there be] a special risk of harm to one [servant] . . . if the other is negligent . . . ." Restatement (Second) of Agency §478 (1957). *See Mullan v. Philadelphia & S. Mail Steamship Co.*, 78 Pa. 25 (1875). In *Mullan*, it was stated that "[t]he risk of injury which a laborer assumes is that involved in the 'circle' of his employment. . . . [Factors to be considered in determining whether the risk of another employee's negligence was assumed are the employees'] relations to each other, the extent to which they were brought into contact, and to which they were engaged in a common employment, and the connexion of the duties of each with the duties of the other." *Id.* at 32-33.

Just as the definitions of "servant" and "fellow servant" will affect the consistency of the fellow servant rule with respect to its rationales of assumption of risk, ability to guard against negligence, and promotion of care, so will the factual situation of an employee's loss affect the rule's consistency with respect to a fourth rationale: the encouragement of industrial undertakings. It is difficult to maintain, for instance, that it would foster industrial undertakings to apply the fellow servant rule in such a way as to discourage an employee from making a reasonable attempt to rescue his employer's goods which have been imperiled by the negligence of another employee.

---

er the injured employee, Mrs. Allen, was a "servant" at the time of her injury under the fellow servant rule.

In the present case, an employee suffered loss in an attempt to rescue her employer's goods from the negligence of her vacation substitute, two hours prior to the scheduled end of her vacation. It is particularly debatable whether under such circumstances the replacement was a fellow servant, within the employee's "circle of employment," of whose negligence the employee assumed the risk. Such a question has been held to be one for the jury in Pennsylvania. *Mullan v. Philadelphia & S. Mail Steamship Co.,* 78 Pa. 25 (1875). For that reason, and because an examination of the foregoing reasons for the fellow servant rule shows its application to be less than compelling under the facts presented, the judgment of the lower court must be reversed.

Judgment reversed and the nonsuit removed, with a procedendo.

WRIGHT, P. J., would affirm on the opinion of Judge CHUDOFF.