452 A.2d 727

Joseph M. KLINE and Jeannette Kline, his wife, Appellants

v.

James F. BALL and Norma H. Ball, his wife, as parents and
natural guardians of Mark Ball, and James F. Ball and Norma
H. Ball, his wife; Robert A. Keisling and Sandra S. Keisling,
his wife, as parents and natural guardians of Robert E. Keis-
ling, and Robert A. Keisling and Sandra S. Keisling, his wife;
Robert J. Baker and Jean P. Baker, his wife, as parents and
natural guardians of Thomas A. Baker, and Robert J. Baker
and Jean P. Baker, his wife; John W. Somerville and Agnes U.
Somerville, his wife, as parents and natural guardians of Greg-
ory T. Somerville and John W. Somerville and Agnes U. Somer-
ville, his wife.

Superior Court of Pennsylvania.

Argued April 27, 1982.

Filed Oct. 1, 1982.

Reargument Denied Dec. 9, 1982.

Petition for Allowance of Appeal Denied March 4, 1983.

Phillip B. Hart, Jr., Pittsburgh, for appellants.

Joseph B. Bagley, Pittsburgh, for Baker, appellees.

Thomas F. Weis, Pittsburgh, for Somerville, appellees.

Before ROWLEY, BECK and MONTEMURO, JJ.

MONTEMURO, Judge:

The instant matter concerns a prank played by a group of highschool boys that resulted in injury to a staff member of the school. The two boys most obviously involved in the matter settled out of court with the injured woman, herein the appellant. The case was tried against the other two young men who were present at the time and allegedly participated by daring and encouraging the actors. The court below declared a non-suit, and the case did not go to the jury. Upon review of the record, we affirm the result of the lower court, but not all of its reasoning.

Where a compulsory non-suit is entered at the close of plaintiff's evidence, the appellate court, upon appeal from a refusal of the trial court to remove the non-suit, will determine whether plaintiff's evidence was sufficient to present a question for the trier of fact upon which a verdict or finding for the plaintiff could have been based. 9 *Standard Pa. Practice* Ch. 40, § 72, p. 389 and cases cited therein. The plaintiff must be given the benefit of all favorable evidence; every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of the plaintiff. *Allen v. Leshner,* 224 Pa.Super.Ct. 327, 306 A.2d 916 (1973). A compulsory nonsuit may be entered only where the lack of evidence to sustain an action is so clear that there is no room for reasonable disagreement. *Piccolo v. Weisenberger,* 237 Pa.Super. 218, 352 A.2d 116 (1975).

The facts, in the light most favorable to plaintiff, are as follows:

The four appellees, all high school students, had entered a part of the school that was off-bounds for students at that hour. They were on a second floor balcony area, chatting and engaging in horseplay while waiting for the bell for the next period. They knew, or should have known that other students, faculty and staff were as likely to be in the area as they were themselves.

Appellee Keisling balanced the plastic trash can on the railing. As appellee Ball ascended the staircase, several people on the platform above threatened to throw the trash can on him, but did not. He joined the group, still holding an orange left from his lunch. The group was jostling around:

> ... darin' me to throw the orange at the garbage can and knock it off. But I didn't. We stood there for a little while, you know, talking back and forth, kind of throwing jabs at one another, you know, and it was like a dare, and I just went over and I kind of tapped it. (N.T. 19, R 234a)

As soon as the deed was done, the group beat a hasty retreat to the men's room. A fair inference would be that they all felt implicated in the act, though they never intended injury to the appellant.

Appellant had entered the hall below during the horseplay. One of the appellees admitted to having heard the door below open and shut. Two other students also in the hallway (the people who discovered and rescued the injured appellant) testified to hearing appellant open the door and the click of her heels on the floor. Such testimony might reasonably give rise to an inference that appellees should also have noticed those sounds and anticipated the presence of the appellant on the stair. However, even the most liberal reading of the testimony does not reveal which of the group on the balcony in fact uttered the dare that instigated the act of pushing over the trash can. The witnesses do not remember and cannot say.

Unlike the court below, we are inclined to feel that appellants' argument from the Restatement of Torts 2d has merit, and that on facts similar to those of the instant matter, § 876 might well prove applicable.[1]

We need not, however, discuss the matter further under the Restatement or relate that Section to the law of this Commonwealth, because we must agree with the trial judge that the witness's testimony is not specific enough to show that any one named party, nor all bystander parties, in fact did dare the actor and precipitate the behavior which led to injury. Testimony established that a dare was made; however, it was never established *who* made the dare:

> Tort liability must be founded upon some blameworthy conduct, or lack of due care resulting in the violation of a duty owing to others.

.        .        .        .        .

In Pennsylvania, the principle of liability without fault for injuries to the person has received scant consideration.

1. The text of § 876 is as follows:
Persons Acting in Concert
For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
(a) does a tortious act in concert with the other or pursuant to a common design with him, or
(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.
The Comment following is even more *apropos:*
**Comment on Clause (b):**
d.   Advice or encouragement to act operates as moral support to a tortfeasor and if the act encouraged *is known to be tortious it has the same effect upon the liability of the adviser as participation or physical assistance.* If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the other's act. This is true *both* when the act done is an *intended trespass* and when it is *merely a negligent* act. *The rule applies whether or not the other knows his act is tortious.* It likewise applies to a person who knowingly gives substantial aid to another who, as he knows, intends to do a tortious act. (Emphasis supplied)

The great body of our law of liability for personal injuries is that of liability through fault; liability based almost exclusively on wrongful conduct. *Summit Hotel Co. v. National Broadcasting Co.*, 336 Pa. 182, 187, 8 A.2d 302, 305 (1939).

On the facts, after appellants had presented their case, fault could not be assigned to any one person or the whole group. In the absence of testimony tending to establish specific wrongdoing, the decision of the lower court to find for the appellees by granting a compulsory non-suit was correct, and we affirm the order of the trial judge.

Judgment affirmed.